Westbrook, J.
It is conceded that the plaintiff in her own right as the widow of Benjamin F. Payn, deceased, and as the guardian ad Utern of the infant son of herself and her deceased husband, is entitled to recover $2,000 from the defendant on account of her husband’s death, unless her action is barred, first, by the failure of the husband to pay an assessment during his lifetime to the defendant; or, second, by the failure to serve proofs of death upon the defendant. The two points will be briefly considered:
First. Does the action fail by reason of the neglect of the deceased to pay dues to the defendant ?
The deceased was taken ill on the 3d day of July, 1881, and died August 22, 1881. The claim of the defense is that on the 1st day of July, 1881, the deceased had notice of an assessment which he failed to pay, and in consequence of such failure to pay he forfeited all claims upon the defendant.
There are two answers to this defense: 1st. The defendant alleges that there was a local board of the defendant at Albany where the deceased resided, which had a local secretary as provided for by article seven of its by-laws. It was this local secretary who, as the defendant claims, gave to the deceased the notice of the assessment on July 1, 1881, by depositing the same in the Albany post-office. It is true that by section 2 of article 1 members of the local board were required to pay all assessments and annual dues to the local secretary. It is also true that the section referred to provides that “ said secretary *222 shall serve notice of such assessments and dues upon members of the local board personally or by mail, and collect such assessments and dues within the time specified in such notices that they become due; ” but it is nowhere declared in the by-laws of the defendant that a member forfeits his rights on a failure to comply with that notice by a local secretary. It is simply made the duty of such local secretary to “ collect such assessments and dues within the time specified in, such notices that they become due.” Hot a word is said about the forfeiture of rights as a member on the giving of any such notice. On the contrary, by section 7 of article 4 of such by-laws, it is declared and specified in what cases a failure to pay dues and assessments makes a forfeiture. The section reads thus: “ If any member shall neglect to pay his annual dues or assessments to the general secretary or to the secretary of the local board, within thi/rty days from the date of a notice to pay the same by the general secretary, he shall forfeit all claims on the society until reinstated, as provided in, the next section.” It will be observed that the propriety of the payment either “ to the general secretary or to the secretary of his local board ” is recognized ; but the forfeiture is incurred by the failure for “ thi/rty days ” to pay on, a notice given “ by the general secre tary.” The definiteness of the language of the section just quoted, in which the “ general secretary ” and the “ local secretary ” are both mentioned, but the forfeiture made to depend on a failure for “ thirty days ” to comply with a notice to pay given “ by the general secretary; ” and also the simple authority for the “local secretary” to collect an assessment of which he has given notice within the time he prescribes in such notice, without the declaration of any forfeiture, forbid that the language used is to have any other construction than its plain terms involve. Even though, however, there was an intent by the defendant, in the preparation of its by-laws to give to the notice of the local secretary the same effect as that of the general secretary, it has entirely failed to express such intent in words. The right to forfeit the membership of the *223 deceased on account of the non-payment of a small assessment levied during a severe and fatal illness must be strictly pursued, and words are not to be enlarged for the purpose of defeating a claim of a widow and a minor child to a small pittance, which a deceased husband and father supposed he had made for their benefit. N either can such a notice as the defendant claims was given by the local secretary be deemed one “by the general secretary.” Cards issued in the name of the general secretary, to which his signature is appended in print, and which the local secretary has filled up and addressed, are in no sense a notice “ by the general secretary.” A notice to do an act, which is required to be given by a particular person named, contemplates the personal action and judgment of the person authorized to give such notice, and involves the exercise of power and discretion to be exerted by the individual himself which he cannot delegate to another. 2d. I decline to find as a fact that Dr Nellis mailed the assessment notice as testified to by him. He remembers that he intended so to do, and that he actually did direct and mail a notice to each of his local members as he supposes, but. he has no recollection of the one to the deceased. He who knows how mechanically we sometimes do that which we intend to do, and how often we are mistaken in what we suppose we have done, will in view of the non-reception of the notice by the deceased, question the doing of the act by the witness, which he believes he did, but which he does not remember to have done. Without giving all the evidence in full, the great pains which were taken by the deceased and his friends to pay his dues, in view of the fact that the dangerous and probably fatal character of his illness was known, and the non-delivery or reception of the notice induces me to find as a fact that it was not sent by mail as the local secretary supposed it was.
Second. As to the alleged failure to give proof of death, the facts bring this case within the rule established in Grattan agt. The Metropolitan Life Insurance Company (80 N. Y., 281).
*224 Application was made to Dr. Nellis, the local secretary, for the necessary blanks to furnish proof of death, and the brother of the deceased who made the application testified, and he is entirely uncontradicted, as follows: “ He said he couldn’t furnish me a proof because he did not pay his July card, and he considered he was not a member.” This, according to the case referred to, was a waiver of proof and notice of death; and in reason and common sense the defendant who refused to furnish a person with the necessary blank form to make proof of a fact, which it had the right to insist upon, upon the ground that the dead person was not one of its members, has no right now to say to the widow and child, when the membership of the husband and father is established, “ Yes, your husband and father was a member, but you failed to give us proof of his death.” It must in its defense stand upon the same ground it then took, and which it also took in a more formal manner by written notice to the plaintiff’s^ representative, that the deceased had forfeited his membership in the defendant with its privileges by his failure to pay the assessment of July, 1881.
The plaintiff is entitled to judgment for the sum of $2,000 with interest from the date which the certificate of membership issued by the defendant to her deceased husband, shall, according to the legal effect require, with costs of the action.
The findings will be settled on notice.