HUMPHREYS *v.* FORT SMITH TRACTION, LIGHT & POWER COMPANY.

Opinion delivered January 10, 1903.

1. COUNTY COURT—JURISDICTION OVER ROADS.—While the county court has general jurisdiction of all matters pertaining to the public roads, it cannot add to or enlarge the servitude on public highways to the extent of granting permission to private persons or corporations to construct and operate street railways over the public roads. (Page 157.)

2. STREET RAILWAY—CONSTRUCTION—WAIVER OF DAMAGES.—Where an abutting owner signed a petition to the county court to permit a

corporation to construct a horse street railway over a county road, she will be deemed to have waived any damage to accrue to her property by the construction of such railway, although the county court had no jurisdiction to grant the petition.    (Page 158.).

3.  CHANGE FROM HORSE TO ELECTRIC RAILWAY—DAMAGES.—Although a grant of the right of way in a public road for use as a horse railway by an abutting owner to a corporation authorized to acquire it would authorize the subsequent change from a horse railway to an electric railway, with the necessary changes of appliances, yet a grant to a corporation not so authorized will not debar the abutting owner from recovering damages on account of any material changes from the terms of the grant which worked an injury to such owner's property or business.    (Page 158.)

Appeal from Sebastian Circuit Court, Fort Smith District.

STYLES T. ROWE, Judge.

Reversed in part.

*Mechem & Bryant,* for appellant; *T. H. Humphreys,* of counsel.

The old company held a mere license, and the only effect of the attempted assignment thereof was an abandonment.    64 Ark. 339; 4 Johns. 418; 6 N. H. 9; 10 Conn. 375; 3 Duer, 255; 55 Pa. St. 154.    The abandonment of the place where the license was to be exercised was an abandonment of any right to claim protection under it.    23 Pac. 803.    The court erred in holding that a license to erect and operate a single horse street railway track in the center of the road authorized the construction of an electric trolley line all over the road.    96 Ga. 562; 24 N. C. 247; 42 Vt. 462; 10 App. Div. Sup. Ct. (N. Y.), 456; 62 Barb. 311; 23 Att. 281; 56 N. E. 540.

*Hill & Brizzolara,* for appellee.

The right acquired was an easement. Washb. Easm. & Serv. *5; 19 Ark. 32; 18 Am. & Eng. Enc. Law (2d ed.), 1127; 63 Ark. 13; 64 Fed. 628; 171 U. S. 48; 76 Fed. 296; 114 U. S. 501; 69 Ark. 562; 172 U. S. 186; 39 Am. & Eng. R. Cas. 65; 111 Ill. 363; s. c. 29 Am. & Eng. R. Cas. 558; 10 *Id.* 45; 2 Ia. 288; 40 Ia. 451; 20 So. 619; 35 Ill. 464.    If a license, it is an irrevocable one, since it is coupled with an interest.    18 Am. & Eng. Enc. Law. 1147, 1148; 35 Ark. 540; 63 Ark. 10; 64 Ark. 339; 72 Ia. 249; 54 Ky. 409; 23 N. E. 799; 10 Hun, 598.    Appellees' easement was

not lost by abandonment or change.   Nellis, Surf. Railroads, 238; 61 N. W. 519; Joyce, Electr. Law, 345.   The street railway was not an additional servitude.   Elliott, Streets & Roads, §§ 698, 699; Booth, St. Rys., § 83; Nellis, Surf. Railroads, 135, 136, 137 and 139; Joyce, El. Law, §§ 334-341; 342; 167 Pa. St. 62; s. c. 31 Att. 468; 99 Wis. 83; s. c. 74 N. W. 538; 52 Md. 242; s. c. 36 Am. Rep. 371; 28 Att. 626; 39 Att. 560; 55 Pac. 868; 46 Att. 578.   The action of the county court was valid.   Elliott, Roads & Streets, §§ 426, 438-441, 442-3, 740; Const. Ark. § 28, art. 7; Booth, St. Ry. Law, § 15; 31 Kan. 660; 24 Fed. 306.

BUNN, C. J.   A statement of this case can best be made substantially in the language of parts of the amended complaint and answer, making the issues involved.

The complaint sets forth:   "First, that for many years last past the plaintiff has been the owner and occupant of ten acres of land in section sixteen (16), township eight (8), range thirty-two (32), Sebastian county, Arkansas, which tract of land fronts northward on a public road known as the 'Little Rock Road,' for a distance of 679 feet, and westward on a public highway between sections 15 and 16 in said township and range for a distance of 560 feet.   The first road is sometimes called the 'Little Rock Highway,' and the second is sometimes called the 'Greenwood Road;' the first being a continuation of one of the streets in Fort Smith, and the second connecting the city of Fort Smith with one of its principal cemeteries, and is much used by the inhabitants of said city and surrounding county as a highway going to and from said cemetery. Plaintiff occupies said land as a home, and also for business purposes, having a store building at the intersection of said highway, wherein she has for many years carried on the retail grocery business, and as a part of which she has always purchased large quantities of produce from the parties having such produce to sell, who came to her place of business from the east by way of said Little Rock avenue, and from the south by way of said Greenwood road. Her said business, and particularly the purchase of produce as aforesaid at said store, has been, and is, a lucrative and profitable business.

"Second, on or about March, 1899, the defendant, a corporation organized under the laws of the state of Arkansas, unlawfully and wrongfully entered upon said public highways, adjacent to and in front of plaintiff's said premises, and dug up said highways, and

laid down therein large and long wooden ties, and fastened thereon long and heavy metal rails, so as to form in both said highways, for the entire distance that plaintiff's said premises front thereon, a continuous railroad, and unlawfully and wrongfully dug numerous holes in said highways on each side of said railroad, and erected therein large and high poles, and strung upon them heavy metal wires suitable for carrying strong currents of electricity, and has ever since operated and now does operate upon said railroad track large and heavy passenger cars or coaches propelled by electricity furnished and applied by and through said overhead system of overhead wires, in the manner known as the "electric trolley system." Said track on the Little Rock avenue lies wholly upon the south side thereof, and so close to the property line that conveyances cannot pass along the south side of said avenue in front of plaintiff's premises, and turns on to the said Greenwood road by a curve around the corner of plaintiff's premises, which is wholly upon land the fee of which is in the plaintiff, and so close to plaintiff's said store building as to cut off entirely the access of teams, either of plaintiff or others, to said store, thus preventing the plaintiff from carrying on successfully the business which she has heretofore carried on in said store building, and also interfering with customers coming to her said store on foot. Said tracks, in both said highways, interfere with plaintiff's access to her said premises, and materially depreciate the value thereof by cutting off her rights in said highways as an abutter thereon; as well as by the unlawful appropriation of her estate in fee therein. By all of which wrongs so done plaintiff is damaged in the sum of $2,500, for which she prays judgment."

The defendant answered, and we give the material statements therein, substantially:

"First. That it is true that the plaintiff is, and has been for many years past, the owner of the land described in the complaint, and also of a tract of land of great value, on the north side of Little Rock road, which she has platted into town lots and blocks, the same being known and designated as the "Aldridge addition" to the city of Fort Smith, Ark. That Little Rock road for the distance mentioned in the plaintiff's complaint runs between the land of the plaintiff, she owning all the land on either side of said road; and that it is true that the plaintiff occupies the land described in the complaint as her home, and also for mercantile purposes, and has improvements thereon suitable for such purposes, but the de-

fendant alleges that the improvements for mercantile purposes are small and of no great value; that the chief value of said land owned by the plaintiff on both sides of said Little Rock road is for residence purposes, and the same is valuable land, and held for residence purposes, and sold as town and city lots; that property of the plaintiff is without the corporate limits of the city of Fort Smith, but very close thereto, and is really of city character, although not within the corporate limits of said city; that beyond the property of the plaintiff are town additions, and also beyond her property is the city cemetery, to which the electric line of the defendant runs from the city proper."

The defendant, admitting that it has constructed a street railway on said roads, in connection with its system in the city of Fort Smith, denies that it has unlawfully or wrongfully entered upon said roads for that purpose; and denies also that it has constructed its tracks in an improper manner, and erected its poles so as to injure plaintiff's property.

"That the defendant railway is the successor and assignee of the Fort Smith Street Railway Company; that the Fort Smith Street Railway Company was a corporation organized under the laws of the state of Arkansas for the purpose of operating over the streets of said city of Fort Smith and roads adjacent thereto a line of street railway. That, under appropriate orders of the city council of the city of Fort Smith, the Fort Smith Street Railway Company was granted the right to construct its street railway over Little Rock avenue in said city; that on the 22d day of March, 1889, the company presented to the county court for the Fort Smith district of Sebastian county its petition asking that said county court permit it to extend its line from the corporate limits of the city of Fort Smith on Little Rock avenue along the Little Rock road (the continuation of the avenue) for a distance of one mile (which would extend the line beyond the property of plaintiff), and upon said date the county court of the Fort Smith district of Sebastian county, upon the hearing of said petition, did find that it was to the interest of the public that said street railway be extended for one mile along said road from the corporate limits, and find that all the property owners owning property adjoining said road had consented to the construction of the same and waived any and all claims for damages that might in any wise arise, and had requested the granting of said petition. It was therefore ordered and ad-

judged by the court that the right of way be, and the same was, given and granted to said railway company to construct and operate its street railway, with all necessary tracks, side tracks, switches, turnouts, turntables, etc., along and upon the Little Rock road for one mile from the then present limits of the city of Fort Smith."

Verdict and judgment as to damage by construction of track on the Greenwood road for $50 and cost, and plaintiff appeals to this court.

It will be understood, from the foregoing statement of the case, that the real cause of complaint on the part of the plaintiff is that, while it is true she gave her assent to the construction of a horse railway, and the operation of the cars on the same, on the highway upon which her property abuts, yet that railway was along the center or middle of the highway, and the cars were to be propelled or drawn by horse power, while, in the change from a horse railway to an electric railway, a change was made in the relative location of the track with reference to the center and margins of the highway, so that the space between her front and the railway track in the street was so narrow that the ordinary vehicles of her trade have not room to be successfully and conveniently accommodated, whereby she is greatly injured in her business, and her property deteriorated in value.

The trial court properly held that, while the county court has general jurisdiction of all matters pertaining to the public roads of the county, yet the public roads referred to are the common highways of the county, constructed for the convenience of the public as a way for the passage of pedestrians, horsemen, animals and private vehicles, etc.; and that, without legislative grant, the county court cannot add to or enlarge the servitude on public highways to the extent of granting permission to private persons or corporations to construct and operate street railways over the public highways of the county. When an easement is granted by the owners of the fee or abutting owners for the purposes of a highway, the commonly accepted meaning of the grant is that it does not carry with it any other right than that of constructing and maintaining a road for the use of the public generally, and the public generally has the exclusive use of it unless the legislature chooses to modify the right of the general public in some way by granting additional or subservient rights to others. This is illustrated in the case of the streets of cities and towns. Therefore, the action of the county

court in this instance had no obligatory influence upon the rights of the plaintiff, notwithstanding she may have joined in the petition for such action. But, while she is not bound by the *ultra vires* action of the county court, she is nevertheless bound by the contract with the street railway company, which was made part of her petition to the county court, as we understood it. Unfortunately, the writing by which the right of way or permission of plaintiff was given by the plaintiff to the predecessor of defendant company in 1889 is lost, but, as its meaning is best ascertained by what the parties did under its provisions, it is evident that both the plaintiff and defendant intended that contract and agreement to cover the case of the railway as afterwards constructed, and used and operated for six years. That railway was for horse cars, and was along the center of the highway upon which the lands of plaintiff abutted. What was done under the contract is a reasonable interpretation of it.

But it is contended that the construction of the railway suitable for the operation for cars propelled by electric power, and the erection of poles for the wires necessary for that use, is not a servitude additional to a right of way for horse car service. The decided weight of authority sustains that proposition.

Now, if the grant of the right of way for the horse-car system had been by one having authority, and not a mere permission and waiver of claim for damages by abutting owners, the change from a horse car to an electric system, with the necessary changes of appliances, would not amount to an additional servitude, but only to an improvement upon the first system, which is allowable, and without further express grant. But, in this case, the plaintiff is bound only by her contract, and any change in the location of the track, which is essentially different from that in view of which they contracted, and which works an injury to her property or business, creates a liability in her favor, and against the company.

So far as concerns the track on the Little Rock road, the trial court excluded all testimony as to her damages, on the theory that she had waived the same in her right of way deed or agreement, and that any changes made in the construction of the electrical car system from the original location of the track was not an additional servitude, but was authorized as legitimately growing out of the original grant.

That was error, because the contract between plaintiff and defendant's predecessors did not authorize the change, and there

was no necessity to place the track so near to the property line as to inconvenience her and obstruct the free access to her property by her customers. And, if such necessity had existed, a new additional permission should have been obtained from her, for, under the circumstances of this case, it amounted to an additional servitude.

In regard to the question of damages for the erection of the wire poles, the same error was made, there being no permission to erect them from paramount authority.

The error of the court only applies to the damage occasioned by the construction of the railway track and erection of poles and stretching of wires on the Little Rock road. The damages by the track, etc., on the Greenwood road have been adjusted by the court, on the verdict of the jury. And the plaintiff could only object to the amount, and the jury have settled that, under proper instructions of the court, and it would not be proper to reopen that part of the case. That part of the judgment is affirmed. The future inquiry in the matter will be confined to the question of the amount for the construction and maintenance of the street car, railway, poles and wires on the Little Rock road, upon which plaintiff's lands abut.

For the error named, the judgment is reversed in part, and cause remanded for new trial according to law as above indicated.