MUTUAL RESERVE FUND LIFE ASSOCIATION *v.* MINEHART.

Opinion delivered October 29, 1904.

1. CONTRACT—LEX LOCI CONTRACTUS.—A policy of life insurance made and delivered in this state is an Arkansas contract, and governed by the laws of this state. (Page 633.)

2. SAME—ADOPTION OF LAWS OF ANOTHER STATE.—A stipulation in a policy of life insurance executed in this state that it shall be governed by and construed only according to the laws of another state does not constitute the statutes of that state the laws by which the validity and effect of the policy shall be determined, but only makes them a part of the contract, to be construed and enforced as any other stipulation in the policy. (Page 633.)

3. SAME—CONFLICTING CLAUSES.—Where there are two clauses of a contract in any respect conflicting, that which is specially directed to a particular matter controls in respect thereto over one which is general in its terms, although within its general terms the particular may be included. (Page 633.)

4. POLICY OF INSURANCE—WAIVER OF NOTICE OF PREMIUMS DUE.—Where a policy of insurance stipulates generally that it shall be governed by the laws of New York, but specially waives notice as to when mortuary dues are payable, the express waiver will control and to that extent limit the New York law requiring notice. (Page 634.)

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

Reversed.

*Geo. Burnham, Jr.,* and *Rose, Hemingway & Rose,* for appellant.

The instructions of the court on the matter of notice were erroneous. Laws of N. Y. 1892, ch. 690, § 92; 132 N. Y. 378; 42 N. Y. Supp. 973; 179 U. S. 262; Acts N. Y. 1897, 92.

*Joseph M. Hill* and *James Brizzolara,* for appellee.

The claim of forfeiture obviated proof of death, which would otherwise have been required. 112 U. S. 696. If the New York statute as to notice is not complied with, the clause in regard to mailing of notices will not avail the company. 39 App. Div. N. Y. 276; 119 N. Y. 450; 170 N. Y. 349; 110 N. Y. 15; 113 N. Y. 147; 138 N. Y. 116; 60 Fed. 690. There can be no forfeiture until the company establishes nonpayment after due notice. 37 App. Div. 575; 167 N. Y. 178. The court was correct in applying section 92 of art. 2 of New York law of 1892. Cases cited by appellant reviewed and distinguished. See, also, on the application of said statute: 135 N. Y. 553; 11 App. Div. 487; 113 N. Y. 147; 42 N. Y. Supp. 975. Sending notice to wrong address is not a compliance with statute. 113 N. Y. 147; 50 App. Div. 255; 100 Mich. 157; 55 Hun, 103; 82 Ky. 102.

BATTLE, J. On the 11th day of May, 1892, the Mutual Reserve Fund Life Association insured the life of John H. Minehart in the sum of $5,000, payable, on conditions stated, to his wife, Philomenia Minehart, and his children. The life association issued a policy, parts of which are as follows:

"In consideration of the answers, statements and argeement contained in the application for this policy of insurance, which are hereby made a part of this contract, and the payment of $40 as a first payment, to be paid on or before the delivery of this policy, and the further payment of $15, payable to the association within sixty days from the date of this policy, for the general expense fund of the association, the Mutual Reserve Fund Life Association does hereby receive John H. Minehart of Oak Lodge, Choctaw Nation, Indian Territory, as a member of said association, and upon the condition of the payment of $173.50 as a deposit in advance on account of mortuary premiums and dues within thirty days from the first week-day of the month of October next ensuing, and of the payment, as hereinafter provided, within thirty days from the first week-day

of said month in every year during the continuance of this policy, of the subsequent mortuary premiums and dues, there shall be payable to Minnie Minehart (wife) and children, share and share alike, of Oak Lodge, Choctaw Nation, Indian Territory, if living at the time of the death of said member; otherwise to the executors or administrators of said member, the sum of $5,000 at the home office of the association in the city of New York within ninety days after acceptance of satisfactory evidence to the association of the death of said member, made out as required upon its blank forms provided therefor; subject to all the provisions, requirements and benefits stated on the second page of this policy, which are hereby made a part of this contract.

"If any of the stipulated payments shall not be made on or before the date, as provided therefor in this contract, at the home office of the association in the city of New York, or to a duly authorized local treasurer of the association, furnished with a receipt signed by the president, secretary or treasurer of the association, then this policy shall expire and become null and void. All payments made hereon shall be forfeited to the association whenever this contract shall terminate.

"All notices addressed to a member, or other person designated by said member, at the last post-office address appearing upon the books of the association, shall be deemed a sufficient notice, and affidavit of addressing and mailing the same according to the usual course of business of said association shall be held to be conclusive proof of due notice to every person acquiring any interest hereunder. And in the event of the nonreceipt of a notice it shall be nevertheless a condition precedent to the continuance of this policy that a sum equal at least to the amount of the last preceding mortuary premium and dues paid shall be paid said association within thirty days from the first day of the month when due, and any deficiency in said amount shall be paid upon the demand of the association. Notice that a mortuary premium and dues are payable to said association at the dates written on the first page of this policy in every year is hereby given and accepted for all purposes."

"This contract shall be governed by and construed only according to the laws of the state of New York, the place of this

contract being expressly agreed to be the home office of said association in the city of New York."

John H. Minehart paid all the premiums and calls due upon said policy until the 2d day of November, 1899, when he failed to pay the mortuary premium of $173.40 then due and payable. This premium was assessed against him by the board of directors and executive committee of the association, and was payable, according to his contract, wthin thirty days from the first week-day of October, in the year 1899. The last preceding mortuary premium and dues paid were $173.40, being paid on the 31st day of October, 1898. Notice that the last mortuary premium must be paid within thirty days from the 2d day of October, 1899, was sent to him by mail, but its sufficiency is denied, it being contended that it was not in accordance with the laws of New York. Minehart died on the 1st day of November, 1900.

The contract evidenced by the policy is confessedly an Arkansas contract, it having been made and delivered in this state. The stipulation that it "shall be governed by and construed only according to the laws of the state of New York" does not constitute the statutes of that state the laws by which the validity and effect of the policy shall be determined, but makes them only a part of the contract, to be construed and enforced as any other stipulation in the policy. And the stipulation as to them and other provisions must be construed according to the following rule: Where there are two clauses of a contract in any respect conflicting, "that which is specially directed to a particular matter controls in respect thereto over one which is general in its terms, although within its general terms the particular may be included; because when the parties express themselves in reference to a particular matter the attention is directed to that, and it must be assumed that it expresses their intent, whereas a reference to some general matter, within which the particular may be included, does not necessarily indicate that the parties had the particular matter in thought." Here, when the parties expressly stipulate as to notice, attention is directed to that particular matter. "When the stipulation is that the contract" shall be governed by and construed according to the laws of New York, "no particular statute is referred to, and the attention may

not be directed to the matter of notice or any other special feature of New York law. The special controlled the general; that which must have been in the minds of the contracting parties controls that which may not have been, although included within the language of the latter stipulation. This is the general rule in the construction of all documents—contracts as well as statutes." *Mutual Life Insurance Co.* v. *Hill,* 193 U. S. 551, 557.

"Obviously, the express stipulation in the policy as to the matter of notice must be held paramount, and to that extent limiting the provisions of the New York law in reference to notice which was not specially referred to in the contract, and can be invoked only because it is one of the various statutes of New York applicable to insurance policies." *Mutual Life Insurance Co.* v. *Hill, supra,* 558.

The insured in this case was bound by the terms of the policy to take notice of the time and place when and where the annual mortuary premiums became due and payable and of the amount to be paid; the policy providing: "And, in the event of the nonreceipt of a notice, it shall be nevertheless a condition precedent to the continuance of this policy that a sum equal at least to the amount of the last preceding mortuary premium and dues paid shall be paid said association within thirty days from the first day of the month when due, and any deficiency in said amount shall be paid upon the demand of the association. Notice that a mortuary premium and dues are payable to said association at the dates written on the first page of this policy in every year, is hereby given and accepted for all purposes."

The insured, Minehart, failed to pay the last mortuary premium assessed against him, or any part thereof; and the policy on his life expired by its own terms, and became of no effect. He received all the insurance he paid for, and the beneficiaries in the policy are not entitled to recover anything.

Reverse and remand for a new trial.