HAYNES *v.* MASONIC BENEFIT ASSOCIATION.

Opinion delivered March 27, 1911.

1. INSURANCE—POLICY—CONDITION PRECEDENT.—The provision in a policy of life insurance that the insured "shall have fully and faithfully complied with the constitution of this association" is a condition precedent to liability on the policy. (Page 423.)

2. INSURANCE—BENEFIT SOCIETY—NOTICE OF DUES.—In the absence of a statute or of any law of a mutual insurance society requiring notice as a condition precedent to the payment of dues, where such dues are permanent charges to be paid at regular intervals, a member failing to pay dues at the time prescribed becomes delinquent and loses the right to share in the benefit. (Page 424.)

3. CONTRACT—CONSTRUCTION.—If the meaning of a contract be ambiguous, the conduct of the parties under it will be considered by the court in construing it. (Page 425.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk,* Judge; affirmed.

STATEMENT BY THE COURT.

This is an action by appellant against appellee on a life insurance policy in the sum of $200 issued by appellee to W. A. Haynes November 1, 1906. By the terms of the policy or benefit certificate sued on and introduced by appellant in evidence, the appellee agrees to pay to the beneficiary the sum named within thirty days after proof of death, provided the assured "shall have fully and faithfully complied with the constitution" of the association; "otherwise the certificate is void and without force."

The assured died November 3, 1907. The proof of the death of the assured was made. Deceased in his life time paid all assessments except for the quarter ending October 30, 1907. The sections of the constitution applicable here are as follows:

"2. Every master mason in good standing in his lodge is hereby made a member of the Masonic Benefit Association, so long as he shall remain in good standing in his lodge.

"6. The secretary shall, on the first day of October, A. D. 1891, and every three months thereafter, make out and forward to the masters of every lodge in the State an assessment of $1 against each master mason in good standing at the time of such notice, the same to be paid to the master of his lodge by each master mason within thirty days from the date of said notice,

and upon his failure to pay the same within the time specified he stall stand suspended from his lodge and from all masonic privileges and masonic intercourse until he shall have paid all dues and assessments against him. Any lodge in this State failing to forward to the secretary within the time required by law the full amount of each assessment against the lodge, less the express or postal charges, shall stand suspended from all masonic privileges and intercourse until said assessment is forwarded."

The secretary whose duty it was to levy the assesments under the above section never levied any assessment. He never issued any notice that an assessment had been made. On October 29, 1907, two days before the time for paying dues expired, the assured left the money to pay his assessment, due October 1, 1907, with a member of the order, but the member did not tender payment until November 5, 1907. The assured having died before the payment was tendered, same was not accepted. Demand for payment of the amount of the policy was made and refused, and this suit followed. The defense was that the assured had not complied with the constitution of the appellee association by paying the dues. The court found that the dues were not paid, and that appellant offered no evidence of payment. The court, sitting as a jury, found substantially the above facts.

Judgment was rendered in favor of appellee, and this appeal was taken.

*Jones & Price,* for appellant.

1. Deceased was in good standing at the time of his death as no assessment had been made for October, and no notice given to appellee. Notice is requisite. Bacon on Ben. Soc. § 379; 116 Ia. 311; 108 Mich. 665; 77 Miss. 830; 126 N. C. 477; 56 Minn. 414; 24 Fed. 450.

2. A certificate issued to a member of a benefit society is evidence that the member is in good standing, and this is presumed to continue until proof to the contrary, and the burden is upon the society to show this when relied upon as a defense. 87 Ark. 115.

3. Insured is entitled to notice, although the assessments fall due at regular intervals, where the laws of the order provide for it. 114 Ill. 467; 78 Ind. 110; 45 Minn. 262; 93 Ia. 402; 71 Tex. 149; 50 L. R. A. 114; 49 N. Y. S. 151; 17 Abb. N. C. 53.

*F. T. Vaughan,* for appellee.

1.  The assessments fell due quarterly at *regular* intervals. The constitution told all members when they were due. No notice was required by the rules of the society nor the statutes of this State.   132 S. W. 998; 1 Bacon on Ben. Soc. § § 81, 161; 102 Ind. 262; 66 Ind. 134-136.

2.  Members are presumed to know the rules and laws of their societies, and cannot excuse their omissions or failure to comply therewith on the ground of *omissions* or acts of other members or officers.   2 Bacon, Ben. Soc. p. 1114; 40 Mo. App. 605, 606; 57 Atl. 922.

WOOD, J., (after stating the facts).   1.   The provision in the policy that the assured "shall have fully and faithfully complied with the constitution of this association" is a condition precedent to liability on the policy.   Section 6 of the constitution requires the secretary of the grand lodge after the 1st of October, 1891, to give notice quarterly to the masters of every lodge in the State of an assessment of $1 against each master mason in good standing at the time of such notice. It further requires each master mason to pay within thirty days from the date of said notice the amount of the assessment or dues.   Failure to pay within the time specified *ipso facto* results in suspension until the dues and assessments are paid.

The "assessment of $1 against each master mason in good standing" is a fixed and continuing charge levied by the constitution itself at regular periods.  Each master mason must pay this assessment at the time prescribed in order to preserve his good standing in the association.   The time when the secretary shall give the notice is fixed at a certain date, and within thirty days from this date the master masons in good standing must pay their dues or stand suspended.   It will be observed that the secretary is not required to "make out and forward an assessment" to each master mason, but to the "masters of every lodge."   The constitution does not contemplate that any notice of assessment shall be given to each master mason.  On the contrary, each master mason must take notice of the assessment, and that it is due "at the time of such notice, *i. e.,* at the time when the constitution requires the notice to be given.   He must pay it within thirty days of that date, whether the secretary has

given notice of the assessment or not. Each member is conclusively presumed to know the requirements of the constitution of the society to which he belongs. He receives notice, when he gets his certificate and becomes a member, of what the laws of the association require of its officers; and he cannot excuse himself for failing to comply with the laws prescribing his own duties because the officers may have neglected some duty exacted of them. 2 Bacon, Ben. Soc. p. 1114, § 434a; also § 379, p. 950.

When under the laws of the society the assessments are irregular in amount or time for payment or become payable only when notice thereof is given to the subordinate lodge, the members of the latter lodge are not in default until notice in conformity with the laws is given and they have failed to pay. 2 Bacon, Ben. Soc. § 379; *Hall* v. *Supreme Lodge K. of H.,* 24 Fed. 450.

Where the statutes of the State under which the society operates, or the laws of the society itself, require notice to be given before the dues or assessments become due and payable, then, of course, such notice must be given and in the manner and form prescribed before a member becomes delinquent. Bacon, Ben. Soc. § 379; *Newton* v. *Southwestern Mut. L. Asso.,* 116 Ia. 311; *Wolf* v. *Masonic Mut. Ben. Asso.,* 108 Mich. 665; *Doggett* v. *Golden Cross,* 126 N. C. 477; *Ball* v. *Northwestern Mut. Acc. Assoc.,* 56 Minn. 414; *Covenant Mut. Benefit Assn.* v. *Spies,* 114 Ill. 467; *Supreme Lodge K. of H.* v. *Johnson,* 78 Ind. 110; *Scheufler* v. *Grand Lodge A. O. U. W.,* 45 Minn. 262; *Garrettson* v. *Life Assoc.,* 93 Ia. 402; *McCorkle* v. *Texas Benefit Assoc.,* 71 Tex. 149; *Murphy* v. *Independent Order, etc.,* 77 Miss., 830, 50 L. R. A. 114; *Shafer* v. *United Brothers, etc.,* 49 N. Y. S. 151; *Payn* v. *Mutual Relief Soc.,* 17 Abb. N. C. 53.

But, in the absence of a statute or any law of the society requiring notice as a condition precedent to the payment of dues, and where the dues are unvarying and permanent charges to be paid at fixed and regular intervals, then a member failing to pay such dues at the time prescribed therefor becomes delinquent and loses his standing and the right to insurance benefits. Such is the case here under the proper construction to be given the constitution of the appellee association. 2 Bacon, Ben. Soc. § 379. See *Lavin* v. *Grand Lodge A. O. U. W.,* 78 S. W. Rep.

325.  Taking the provisions of section 6 of the constitution as a whole, it was only intended to ʼprescribe that a charge of $1 as assessments or dues against each master mason in good standing was to be paid at a definite time.  It is not a provision for notice to the members, but a provision designating the amount and the time for payment of regular assessments or dues.

2.  This is the construction that was put upon it by the officers and members of the association from the beginning.  For the court·found that the secretary "never levied any assessment,"· and "never issued any notice that any assessment had been made."  Yet the assured for almost a year had continuously paid the assessments, and had left with a brother member the money to pay the last assessment due, but which the member neglected to pay until the death of the assured.  Then it was too late. This conduct of the officers and the assured, who must be held to have known the laws of the association, tends strongly to show that they understood that no notice was required, and this conduct too confirms us in the opinion that the laws of the association do not require any notice to be given to each master mason.

The judgment is therefore affirmed.

KIRBY, J., dissents.