LOYAL PROTECTIVE INSURANCE COMPANY *v.* WALKER.

Opinion delivered November 27, 1916.

INSURANCE—PREMIUM DATES—NOTICE WHEN DUE.—Although premiums
are due at a certain fixed time, and the policy provides for a lapse
thereof when premiums are not paid as required, the insurance com-
pany or society will be bound by a custom of notifying the policy-
holder before the due dates, and cannot forfeit a policy where it
failed to give such notice.

Appeal from Cleveland Circuit Court; *Turner But-
ler*, Judge; affirmed.

*F. G. Bridges* and *W. T. Wooldridge*, for appellant.

1.    Appellee failed to pay the premium and his
policy lapsed.    He had notice.    He was reinstated sub-
ject to all the conditions contained in the new contract.
His sickness existed within thirty days from the rein-
statement of the policy, and it was error to refuse in-
struction No. 1, asked by appellant.    122 Ark. 219;  64
S. E. 180;  112 Pac. 1106;  166 S. W. 17;  98 Ark. 421;
74 *Id.* 507;  75 *Id.* 25.

2.    The court erred in giving instruction No. 1
asked by appellee.    There was no evidence to justify
the court in submitting the question of waiver of the for-
feiture of the policy to the jury.

*Geo. H. Holmes*, for appellee.

1.    The policy had not lapsed, but if so, it had been
reinstated.    The company agreed to give thirty days'
notice and failed.    The doctrine of waiver and estoppel
applies to insurance contracts.    122 Ark. 219;  67 Ark.
584;  72 *Id.* 365.    After a company has once waived its
right to declare a forfeiture, it can not subsequently avoid
the effect of such waiver.    53 Ark. 494;  19 Cyc. 872.

2.    The uniform custom of an insurance company
to give notice relieves the policy holders from paying
dues till notice is given.    48 S. W. 968;  98 Ark. 421;  67
Wisc. 422.

3.    The contract does not provide that it shall not
be liable for sickness commencing within thirty days
after reinstatement.    The provision as to sickness

within thirty days after reinstatement is unreasonable. 92 N. Y. 846; 78 *Id.* 85; 3 Daly 20.

4.   Appellant is liable for damages and attorneys' fee provided by Act 115, Acts 1905.   94 Ark. 578; 88 *Id.* 556; 103 *Id.* 1.

3.   There is no error in the instructions.   15 Wash. 627; 141 U. S. 213.

SMITH, J.   This suit was brought by appellee to recover certain sick benefits under a policy of insurance issued to him by the appellant company.

In defense of this suit it is said that the policy had lapsed by reason of the nonpayment of the quarterly dues, and that while the policy had been reinstated, the period of illness here sought to be compensated existed within thirty days of the reinstatement, a condition against any liability for which the policy had provided.

Appellee insists that he had the right to recover as a reinstated policy holder; but he also says that his policy had never lapsed.   Of course, if he is right in his last contention, we need not consider whether he is also right in his first.

The policy or certificate of membership recited that the premium of $7 was payable quarterly on the first business days of March, June, September and December in each year, and the payment of which appellee is said to have made default was one due December 1, 1913.

It is not shown whether the by-laws of the order contained any provision for giving notice of assessments to the members; but the policy provided that the premiums should be paid on the first business days of March, June, September and December, and also provided that failure to pay any premuim upon the appointed day should terminate the contract except as to any claim which had accrued; but that the policy might be reinstated by the secretary in his discretion, subject to all the provisions thereof.

In connection with his application for membership, appellee was given a receipt for his initial payment,

which contained the following recitals: "If accepted, your next payment will be due December, 1913. Premiums are payable quarterly in advance on or before March 1, June 1, September 1 and December 1, 30 days' notice being given."

In the letter to appellee notifying him of his acceptance as a member, written by the secretary of the insurance company for that purpose, the following statement appears: "Your quarterly premiums will be due on the first business day of March, June, September and December in each year and notices for same will be sent you thirty days in advance."

Appellant not only admitted its custom to send this written notice, but offered proof to show that the notice had, in fact, been sent appellee of this particular payment. However, that question was submitted to the jury under an instruction which told the jury to find for the company if they found such notice had been sent.

The court gave, over appellant's objection, the following instruction:

"The jury are instructed further that the stipulation requiring payment of premiums on the dates mentioned in the policy is a valid one, and binding upon the plaintiff, unless the defendant by its conduct has waived its right to insist upon a forfeiture of the policy by reason thereof.

"You are, therefore, instructed that if the defendant company by its acts or conduct lead the plaintiff to believe that he would have notice before the maturity of his installments of the date upon which they they would fall due, and plaintiff relied upon it to give said notice, and the defendant failed to notify plaintiff before the installment falling due on December 1 became due and that as soon as he was notified that said installment was due, he immediately remitted therefor and defendant received and accepted said remittance in payment of the 'call' or installment due December 1, 1913, then it is liable and your verdict should be for the plaintiff."

The correctness of this instruction presents the controlling question in the case.

In the case of *Haynes* v. *Masonic Benefit Assn.*, 98 Ark. 421, it was said:

"But in the absence of a statute or any law of the society requiring notice as a condition precedent to the payment of dues, and where the dues are unvarying and permanent charges to be paid at fixed and regular intervals, then a member failing to pay such dues at the time prescribed therefor becomes delinquent and loses his standing and the right to insurance benefits."

We adhere to the doctrine of that case. But it is also settled that an insurance company, in declaring a forfeiture, must not mislead its members, and, although it may not be required to give notice of payments, yet, if it adopts the practice of doing so, and leads its members to believe this notice will be given, it can not declare a forfeiture without giving notice of the assessment, or without previously advising its members who have relied upon receiving notice that that custom will be discontinued. *N. Y. Life Ins. Co.* v. *Eggleston*, 96 U. S. 572; *District Grand Lodge* v. *Pratt*, 96 Ark. 614; Joyce on Insurance, section 1332; May on Insurance, section 356; Bacon on Ben. Societies, sections 360, 362, 432; *Hartford Life Ins. Co.* v. *Hyde*, 48 S. W. 968, and cases there cited.

In the last cited case the authorities on this subject are reviewed in an opinion by Mr. Justice McAlister of the Supreme Court of Tennessee in which he quoted from Cook on Life Insurance, page 160, a statement of the law to the effect that, if the time and amount of dues are due and payable at stated times, the mere usage of giving notice can not operate as a waiver of the company's right to demand prompt payment and to enforce a forfeiture where there was default of such notice, it being said by that writer that such usage in no way contemplates, as a time of payment, a time later than that fixed by the contract, but, on the contrary, rather indicates, by way of reaffirmance, the original agreement that the time shall be exactly as fixed,

and that the practice of giving notice, even when it has grown into a fixed custom, is nothing more than a mere reminder of the obligation of the insured. This statement of the law is disapproved by the learned justice who wrote that opinion, and is stated to be against the weight of authority as shown by the cases and the authorities there cited, and the court there approved an instruction substantially similar to the one set out in this opinion.

The evidence here is legally sufficient to support the jury's verdict under the instruction. Appellee testified that he did not receive any notice prior to December 1, but that the first and only notice which he did receive in regard to this payment was one advising him that his policy had lapsed and stating the conditions upon which he could be reinstated. Appellee immediately responded to this notice by signing the required certificate as to the condition of his health and remitting the premium which he should have paid by or before December 1. The letter enclosing the remittance was received at the home office of the company on December 18, 1913. The custom of giving the notice is undisputed, and the promise to continue to do so is contained in the notification of appellee's acceptance as a member, and his reliance upon this promise was established by his own evidence.

Finding no error, the judgment is affirmed.