ROACH *v.* BOARD OF DIRECTORS OF ST. FRANCIS
LEVEE DISTRICT.

Opinion delivered March 23, 1925.

1. EVIDENCE—PAROL EVIDENCE VARYING WRITTEN CONTRACT.—Admission of parol evidence that an "Estimate and Information Sheet" containing specifications for construction of a levee was attached to and made a part of a written contract by reference does not violate the rule against varying written contracts by parol evidence.

2. LEVEES—CONSTRUCTION OF CONTRACT.—Special clauses in a contract for construction of a levee as to payment for extra work necessitated by subsidence of the foundation, *held* to govern conflicting general provisions therein.

3. CONTRACTS—INTENTION OF PARTIES.—The intention of parties must control in the construction of contracts.

Appeal from Crittenden Circuit Court; *G. E. Keck,* Judge; affirmed.

*Hughes & Hughes,* for appellants.

*Wils Davis,* for appellee.

HUMPHREYS, J. This suit is one at law brought by appellants against appellee to recover $3,913.18 for additional work required to be done in the construction of certain levees on account of the settlement of the foundation. The additional work required to be done to make the levees the proper height, on account of the subsidence of the foundation, was 13,039.9 cubic yards. The dispute between the parties arose over whether a sheet of paper entitled "approximate estimate and information sheet" was made a part of the contract for constructing the levees by reference, or whether it was an item only of the negotiations leading up to the contract.

The cause was submitted upon the pleadings which presented this issue and the evidence adduced, at the conclusion of which both parties requested a directed verdict, and the court instructed the jury to return a verdict for appellee. A judgment was rendered in accordance with the directed verdict, from which is this appeal.

The record reflects that the appellants entered into a written contract with appellee to construct certain levees for $0.42 per cubic yard, which contained the following paragraph:

"The said work is to be constructed and finished as described in the specifications and the standard Mississippi River Commission specifications hereto attached, which are hereby made a part of this contract, agreeably to the directions, from time to time, of the said engineer or his assistants, on or about the first day of January, in the year 1921."

Printed specifications of both the board of directors St. Francis Levee District and of the Mississippi River Commission were attached to the contract. The standard Mississippi River Commission specifications which were so attached contained the following provision:

"Settlement of Foundation. Should the contractor desire payment for restoration of yardage due to settling of foundation, he must apply to the contracting officer for instructions regarding the erection of structures for the determination thereof, in advance of any work on sections on which such payment should be made, and he must erect at his own expense, prior to any work thereon, such structures as may then be required by the contracting officer. Should these requirements be fulfilled, the contractor will be paid for the restoration of yardage due to settlement of foundation at the same rate as the other embankment, but he will receive no compensation for such restoration unless the instructions of the contracting officer in regard to the determination of quantities shall have been fully complied with."

The printed specifications of appellee contained no provision for payment on account of the subsidence of the foundation. H. N. Pharr, however, testified, over the objection and exception of appellants, that the "approximate estimate and information sheet" constituted a part of and was attached to the printed specifications of appellee, which were referred to and made a part of the contract at the time it was signed, and that

Mr. Stansell, one of the contractors, was informed and knew that it was attached as a part of the specifications of the levee board referred to in the contract. This "estimate and information sheet" contained a number of specifications, viz., the manner in which payments should be made, the width, slope and topping of the levee, the location of the borrow-pits, and, lastly, the clause in reference to payment in case the foundation should settle. The clause is as follows: "Any abnormal settling of levee foundation, in excess of 5 per cent. of height of levee, will be paid for by levee board at contract price per cubic yard."

Appellants contend for a reversal of the judgment upon two grounds: first, that the court erred in admitting oral testimony to the effect that the "estimate and information sheet" was a part of the specifications of appellee which were referred to and attached to the contract and made a part thereof; and second, that, if correctly admitted, the court erred in construing the contract to mean that appellants were only entitled to pay for yardage placed on account of the settling of the foundation in excess of 5 per cent. of the height of the levee.

(1). We cannot agree with appellants in their view that the "estimate and information sheet" and the oral testimony to the effect that it was attached to and made a part of the contract contravenes the rule that parol evidence cannot be admitted to contradict a written contract. According to the undisputed testimony, the "estimate and information sheet" was attached to and made a part of the contract by reference to the specifications of appellee, which specifications included the sheet. The testimony showed that appellants' attention was specially called to this specification, and that it was attached to the contract as a part thereof at the time the contract was signed. The cases of *Doniphan, Kensett & Searcy Railroad Company* v. *Mo. & N. Ark. Rd. Company*, 104 Ark. 475, and *Boston Store* v. *Schleuter*, 88 Ark. 213, cited by learned counsel for appellants in sup-

port of their contention that said sheet and the oral testimony relative thereto was inadmissible, are not in point. In the first case, a letter written in the course of the negotiations and not made a part of the contract was properly excluded, and in the second case, the written bids which were made prior to the execution of the contract and not made a part thereof by reference were also properly excluded. The difference between these cases and the case at bar is that the "estimate and information sheet" was made a part of the contract, whereas the letter and bids were not.

(2). The two clauses relating to payment for extra work caused by the settling of the foundation are in conflict. The specifications of the Mississippi River Commission provided that abormal settlement in the foundation shall be paid for by appellee, whereas the specifications of appellee provided that said appellee shall pay for that part of the work necessitated by the subsidence of the foundation in excess of 5 per cent. of the height of the levee. It is apparent that the specifications of the Mississippi River Commission in this respect were general and that the specifications on this subject in appellee's specifications were made special by the "estimate and information sheet." The attention of the parties was called particularly to this matter by the engineer of the levee board, so the detailed specific clause must govern, for it expressed the intention of the parties. The intention of the parties must control in the construction of contracts. *Mutual Reserve Fund Life Assn.* **v.** *Minehart,* 72 Ark. 630; *English* v. *Shelby,* 116 Ark. 212.

No error appearing, the judgment is affirmed.