LASATER *v.* WESTERN CLAY DRAINAGE DISTRICT.

Opinion delivered July 9, 1928.

*Oliver & Oliver*, for appellant.

*D. Hopson* and *Charles D. Frierson*, for appellee.

KIRBY, J., (after stating the facts). It is insisted by appellants that the clause in the contract providing for the payment of $10 per day for all the time required for the completion of the contract after the expiration of the three years allowed therefor is a provision for a penalty, and not for liquidated or stipulated damages, and this contention must be sustained. In determining this question, the intention of the parties to the contract is controlling. In 17 C. J. 935, § 34, it is said: "As a broad general rule, the intention of the parties will control as to whether a provision in a contract is for a penalty or for liquidated damages." The primary rule in the construction of contracts requires the court to ascertain and give effect, where possible, to the mutual intention of the parties. 13 C. J. 521, § 484; *Roach* v. *St. Francis Levee Dist.,* 168 Ark. 364, 269 S. W. 986; *English* v. *Shelby,* 116 Ark. 212, 172 S. W. 817; *Life Assn.* v. *Minehart,* 72 Ark. 631, 83 S. W. 323.

Here, in the first section of the contract, it is required that the work shall be done "under penalty expressed in a bond bearing even date with these presents and hereto attached." The bond itself provides it is given "in the penal sum of $25,000," and is conditioned that the contractor shall carry out the contract and perform all covenants contained therein, and "shall indem-

nify and save harmless the said Western Clay Drainage District from and against *all damages* which it may sustain by reason of liens for labor or materials, etc.; * * * and if the said Clay County Dredge Company shall pay to the said Western Clay Drainage District all sums of money, damages or cost and expenses which it may be compelled to pay or which it may sustain by reason of the failure of the said dredge company to in every particular comply with and carry out each and every covenant and agreement contained in said contract, * * * and if the said Clay County Dredge Company shall pay all laborers, mechanics, materialmen, and persons who may have supplied provisions, goods or material of any kind, all just debts due said persons, or to any person to whom any part of such work may have been let by the said Clay County Dredge Company, then this obligation shall be null and void, otherwise to remain in full force and effect.'' The bond provides for the payment of all damages the district could suffer or sustain from a breach of the contract by Brown, and for failure in every particular to carry out each and every covenant and agreement.

From a proper construction of the contract and bond, which must be read together, it appears that provision is made and the bond answerable for all actual compensatory damages that could result to the drainage district from the failure of the contractor to carry out his contract or complete the work in accordance with its terms. The directors themselves, on June 3, 1918, by resolution recited that the contract and bond provided that the contractor shall pay ''a penalty of $10 per day'' from the date set for the completion of the work until such work is completed and accepted by the engineer. The resolution required the contractor and his bondsmen to be notified by letter from the secretary ''that the penalty provided for will be exacted,'' and that, if the contractor can show any cause ''why said penalty should not be exacted,'' the board would hear

him, etc. On October 9, 1918, another resolution was passed, reciting that the property holders were being damaged by delay, and, unless the contractor proceeded, the contract would be relet, and "the district would hold him and his bondsmen for all damages, * * * and ask the penalties therein provided for in your contract, and any action taken by the board shall not be construed as relieving you and your bondsmen of the penalties provided for in your contract for the completion of the work." On May 29, 1917, a resolution was passed by the board, reciting that two-thirds of the time for the completion of the work had expired and it was not one-half done, and requiring that Brown be notified "that, if said work is not completed within the time provided in the contract, the *penalty therein provided, of $10 per day*, will be exacted."

It thus appears that the appellees, by the nomination of this $10 per day provision in the contract as a penalty, and by their construction of the contract and bond expressed in formal resolutions of the board, designating it as a penalty, have given the contract a practical construction, which is entitled to great weight in determining its proper construction. Then, too, it may be inferred that the contract and bond were prepared by appellee's engineer and approved by its directors, and any doubt about its meaning is to be resolved against the party preparing it. 13 C. J. 546, § 517; *Gauss* v. *Orr*, 46 Ark. 129; *Kahn* v. *Metz*, 88 Ark. 363, 114 S. W. 911; *Edgar Lumber Co.* v. *Cornie Stave Co.*, 95 Ark. 449, 130 S. W. 452; *Haynes* v. *Masonic Benefit Co.*, 98 Ark. 421, 130 S. W. 452; *Koepple* v. *Nat. Wagon Stock Co.*, 104 Ark. 466, 149 S. W. 75; *Humphreys* v. *Ft. Smith, etc. Co.*, 71 Ark. 152, 71 S. W. 662; *Watkins Med. Co.* v. *Williams*, 124 Ark. 539, 187 S. W. 653; *Arlington Hotel Co.* v. *Rector*, 124 Ark. 90, 186 S. W. 622; *Hastings Ind. Co.* v. *Copeland*, 114 Ark. 415, 169 S. W. 1185; *Clark* v. *Watkins Med. Co.*, 115 Ark. 166, 171 S. W. 136; *Ford* v. *Fix*, 112 Ark. 1, 164 S. W. 726.

The court is of opinion that, when the contract is tested by these rules, the provision therein for the payment of the $10 per day for each day's delay in the completion of the work after the date fixed therefor was intended as a penalty, in effect a security for its performance, and must be treated as such, and not as a provision for liquidated damages, as erroneously held by the trial court. Since there was no proof of actual damages sustained by the district because of the delay in the completion of the improvement after the term allowed therefor, no deduction should have been made from the amount shown and conceded to be due the contractor for the work done in its construction. It was conceded that the appellants were entitled to recover for the right-of-way cleared and afterwards abandoned, as found by the special master, the sum of $350, with 6 per cent. interest from January 1, 1917, and that the correct amount of the retained percentage was $12,244.62, which appellants were entitled to recover, with 6 per cent. interest from January 1, 1924, unless the appellee was entitled to recover an amount on its cross-complaint, to be deducted therefrom. Since the appellant was entitled to recover the amounts indicated, and appellee was not entitled to a recovery on its cross-complaint of any amount, the court should not have required appellant to pay any of the costs of the suit.

The decree will be reversed, and the cause will be remanded with directions to enter a decree for appellant for the said amount of the retained percentage, and the amount conceded to be due for clearing the right-of-way not used, and for costs, and all necessary further proceedings in accordance with the principles of equity and not inconsistent with this opinion. It is so ordered.