```
108      47
p108     50
```

# Supreme Council Catholic Knights and Ladies of America v. Mrs. Joseph O'Neill.

## Same v. Joseph O'Neill.

1. MUTUAL BENEFIT SOCIETIES—*Proper Way to Show Suspension of Member.*—The proper way to show suspension of a member of a mutual benefit society is by the books and records of the branch to which he belongs. A failure to pay an assessment may be shown by the financial officer to whom payment should have been made. The making of assessments should be shown by the records of the body authorized to make assessments.

2. SAME—*Burden of Proof to Show Forfeiture is upon the One Claiming It.*—Where a party claims a right based upon a forfeiture it is incumbent upon him to show that a forfeiture has taken place.

**Assumpsit**, upon a benefit certificate. Two cases consolidated. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed May 19, 1903.

48     Appellate Courts of Illinois.

Vol. 108.] Sup. Council Catholic K. & L. of America v. O'Neill.

Charles O'Donnell, attorney for appellant.

John C. King and William J. King, attorneys for appellee; Alfred E. Case, of counsel.

Mr. Presiding Justice Waterman delivered the opinion of the court.

This is an appeal from a judgment obtained by Mrs. Joseph O'Neill against appellant for $1,000, upon a benefit certificate issued to James P. O'Neill, her step-son. The certificate is as follows :

"This is to certify that James P. O'Neill, of Branch No. 35, located at Chicago, Ill., is a full rate member of the Supreme Council Catholic Knights and Ladies of America, and in case of the death of the member, said Supreme Council agrees to pay all the benefits arising from said membership, not to exceed $2,000, to his beneficiaries, Joseph O'Neill and Mrs. Joseph O'Neill, $1,000 each."

After the certificate was issued, O'Neill paid over thirty assessments. He died in Denver, Colorado, August 1, 1900, about ten o'clock in the forenoon.

It is claimed by appellant that the by-laws of the society required him to pay one assessment per month and that assessment numbers 126 and 127 for the months of June and July, 1900, were not paid by him and that consequently, by virtue of the provisions of the by-laws of the society, the insured was, *ipso facto*, suspended for such non-payment.

Upon the hearing it was clearly shown that June 2d or 3d, there was handed by Mr. O'Neill's father-in-law to the financial secretary of Branch No. 35 of which Mr. James P. O'Neill was a member, $5 for the purpose of paying all assessments against him. The financial secretary took from said $5, $2.40, and returned $2.60. It is claimed by appellant that the $2.40 retained by the financial secretary paid for assessments due from James O'Neill, only until May 31st.

Our attention has not been called to evidence showing that any assessment was made either June or July, 1900, although we do find a statement by Thomas Shea, a wit-

ness for the plaintiff, that one assessment for James P. O'Neill in June, 1900, was sixty cents. Assuming that the books claimed to be copies of the constitution and by-laws of appellant are such, it appears therefrom that sections 85 and 86 are as follows:

Sec. 85. "Each member of subordinate branches liable therefor shall pay said assessments on or before the last day of the month."

Sec. 86. "Any member failing to pay within this time shall stand *ipso facto* suspended."

It is, however, to be remarked that neither of these copies was proven by any competent evidence to be what it purports to be. There is, however, an entire failure to show what the amount of such assessments, if any, were, except the statement theretofore alluded to by a witness for the plaintiff, that one assessment for James P. O'Neill in June was sixty cents.

If such be the case, it abundantly appears that the sixty cents was tendered to the financial secretary of the lodge, and if not retained by him, it was entirely the fault of the financial secretary and not of the member or those offering to pay for him. Our attention has not been called to any competent evidence showing that any assessment was made for either the months of June or July, 1900, although it does appear that the financial secretary, after the death of the insured, told Mr. Joseph O'Neill that the insured, James P. O'Neill, had been suspended for the non-payment of dues for the month of June, and that there was money owing by him for the month of June.

There was also introduced in evidence a paper, the same being a monthly report of the Catholic Knights and Ladies of America, made by Branch No. 35, in which paper among the suspended list appears the name of James P. O'Neill. This paper was sent to the supreme secretary, Mr. Duffy, July 10, 1900. Such report was not, upon the trial in the court below, competent evidence, either of non-payment of assessments, if any were made, or of suspension.

The proper way to show suspension is by the books and

records of the branch to which appellee belonged. A failure to pay might be shown by the financial officer to whom payment should have been made. The making of assessments should be shown by the records of the body authorized to make assessments. Independent Order of Foresters v. Zak, 136 Ill. 185; High Court Independent Order of Foresters v. Edelstein, 70 Ill. App. 95.

There was not only a failure to show that the insured had been suspended for non-payment of assessments, but a failure to show that any assessment had been made for either the month of June or July. That all assessments due up to May 31st had been paid, was admitted.

Where a party claims a right based upon a forfeiture it is incumbent upon him to show that a forfeiture has taken place. While, if evidence as to the constitution and by-laws produced in the court below is to be considered it does appear that a forfeiture arises, *ipso facto*, from the non-payment of assessments, we think that where suit is brought upon an insurance policy, the burden of showing a failure to pay assessments from which failure a forfeiture is claimed to have arisen is upon the insurer.

The judgment of the Circuit Court is affirmed.

General number 10,595, Supreme Council Catholic Knights and Ladies of America v. Joseph O'Neill having been submitted upon the record of the case just considered, it is also affirmed upon the considerations heretofore stated.