JOHN G. VAN ETTEN ET AL. v. GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF NEW JERSEY.

Submitted December 1, 1904—Decided February 27, 1905.

In an action to recover the amount of a beneficial certificate issued to one S. in his lifetime, the defendant resisted payment on the ground that the deceased had not paid an assessment made, although notice thereof had been mailed to him while living at his last known post-office address, as required by the by-laws. *Held*, that the burden of making this proof was upon the defendant, and that the evidence upon this subject was such as to justify the jury in finding that this burden had not been sustained by the defendant.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and REED.

For the plaintiff, *William J. Kraft.*

For the defendant, *Walter A. Barrows.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff brought suit to recover the sum of $2,000, the amount of a beneficiary certificate issued by the Grand Lodge of the Ancient Order of United Workmen of New Jersey to one Samuel C. Smith in his lifetime, and payable to the beneficiaries named in the certificate. Smith having died November 17th, 1903, the defendant resisted payment of the amount of the certificate upon the ground that the deceased member neglected to pay an assessment, duly made by the defendant on October 1st, 1903, on or before October 28th, 1903. The plaintiff recovered the amount of the certificate, and the judge who tried the case allowed a rule to show cause.

By the by-laws of the association, a member becomes a suspended member, without any further action of the lodge, if he does not, by the twenty-eighth of any month on which a notice of assessment has been mailed according to the by-laws, pay such assessment. The by-laws further require that "notice of said assessment shall be issued by the grand recorder, who shall forward to the financier of each subordinate lodge a sufficient number to supply each member with a copy. The financier shall mail to the last-known post-office address of each member a copy of said notice." In order therefore that the defendant might avoid the payment of this certificate there was imposed upon it the burden of proving that the notice required by the by-laws was issued and mailed to the last-known post-office address of Smith, the member.

The plaintiff denies that each of these requirements were complied with, and the jury having found from the testimony in favor of the plaintiff, and a rule to show cause why the verdict should not be set aside being granted, the defendant argues that the preponderance of evidence is that the notice was issued and was mailed to the last-known post-office address of Smith.

It is testified on the part of the plaintiff, by the wife of Smith, that she attended to all of his business for two or three months before his death; that she received all his mail matter, and did not receive any notice of the October assessment. Mrs. Smith also testifies that she lived at Pine Hill with her husband until just prior to his death, when they went to Big Indian, where he died. The proof to show that the notice was mailed, and to the last-known post-office address of Smith, is in the evidence of the grand recorder of the grand lodge, who testified that blank notices of the October assessment were sent by his direction to the financiers of the different lodges; that these notices contained neither the name of a member nor the amount of the assessment. The financier of Provident Lodge, No. 4, through which Smith was a member of the defendant, testified to receiving the blank notices; that in one he filled in the name of Smith and the amount due, and mailed it as first-class mail, postage prepaid, and proceeds as follows:

"Q. In this instance you addressed it to what place?

"A. What month?

"Q. October?

"A. That was sent up in New York State. I forget whether it was sent to Pine Hill or Big Indian."

That he had received information how to address it from Mr. Smith and from Saunders. The words that Smith used in conveying the information as to where the notices should be sent were, as testified to by Selyman, the financier, "I guess you might as well send them up in New York State." Saunders, who was a friend of Smith, employed with him in the same office in Camden, and who attended to the payment of some of the assessments prior to the October assessment, testifies that he told Selyman that Smith's residence was "Pine Hill, care of Mountain View House, Pine Hill, New York."

A statement of a witness that he forgets whether a notice was sent to Pine Hill or Big Indian is no proof at all that it was sent to Pine Hill.

The defendant failed to sustain the burden of proof imposed upon it by showing that the notice was mailed to the last-known post-office address of the member.

The rule to show cause is discharged.