[No. 6824. Decided April 29, 1909.]

OLYMPIA BREWING COMPANY, *Respondent*, v. PIONEER
MUTUAL INSURANCE ASSOCIATION, *Appellant*.[1]

INSURANCE—ACTIONS—PLEADINGS—REPLY—ISSUES AND PROOF—
SCOPE OF GENERAL DENIAL—UNNECESSARY AFFIRMATIVE DEFENSE—PRE-
MIUMS—POLICY—WAIVER OF CONDITION REQUIRING PAYMENT. In an
action upon a fire insurance policy in which the defendant answered
that part of the premium was past due and unpaid, under a policy
providing that the company was not liable for a loss occurring in
such case, a general denial in the reply permits, as within the issues,
evidence on the part of the plaintiff that the company waived pay-
ment of a portion of the premium and extended a credit for the bal-
ance due, irrespective of an affirmative defense in the reply that the
original contract called for payment of the premium in installments;
hence failure of the plaintiff to prove such affirmative defense is
immaterial where, under the general denial, it proved the waiver;
such a waiver keeping the policy in force.

SAME—BURDEN OF PROOF. In such a case, the burden of proof is
upon the defendant to show that part of the premium was unpaid
and past due.

INSURANCE—POLICY—LIMITING AMOUNT OF LOSS. Under the terms
of a policy of fire insurance and Laws 1903, p. 147, limiting liability
for loss by fire to three-fourths of the actual value of bar fixtures,
$280, judgment for the full sum is excessive, and should be reduced
to $210.

COSTS—ON APPEAL—DECISION—EXCESSIVE JUDGMENT—OBJECTIONS
BELOW. Upon appeal from an excessive judgment for a loss by fire,
being for the full value rather than three-fourths of the value of
the property insured, in which the judge was in doubt as to the
evidence of value and requested a transcript of the evidence, the
appellant will not be allowed costs on reversal of the judgment be-
cause excessive in amount, where the excess was not called to the
attention of the trial court below.

Appeal from a judgment of the superior court for King
county, Morris, J., entered November 10, 1906, upon find-
ings in favor of the plaintiff, in an action to recover upon a
fire insurance policy. Modified.

*Granger & Magill*, for appellant.

*Pierre P. Ferry* and *Frank A. Steele*, for respondent.

[1]Reported in 101 Pac. 371.

Crow, J.—This action was commenced by the Olympia Brewing Company, a corporation, against the Pioneer Mutual Insurance Association, a corporation, upon a policy of insurance, to recover for a loss sustained by fire. From a judgment in favor of the plaintiff, the defendant has appealed.

Appellant makes two contentions: (1) that at the time of the fire the premium had not been paid; that the policy by its express terms provided that appellant should not be liable for any loss that might occur to the property insured, while the premium or any portion thereof remained past due and unpaid; and (2) that the judgment was excessive.

The policy was issued to one C. N. Kinney, who, after the fire, assigned his claim to the Olympia Brewing Company. The cause was tried without a jury, and the trial court, in substance, found that on May 18, 1904, in consideration of a premium of $36.75 to be paid by C. N. Kinney, the appellant delivered to him a policy, whereby it insured him for one year from that date against loss or damage by fire, for the sum of $500, on the stock of liquors and cigars, and $500 on the bar fixtures, in his saloon in Kitsap county; that Kinney at the time paid appellant $10 on account of the premium; that on June 16, 1904, he made another partial payment of $10, at which time the appellant waived the provision in its policy as to time of further payment of the premium, and extended a credit to Kinney; that on June 25, 1904, the property was completely destroyed by fire; that the value of the liquors and cigars was $825; that the value of the bar fixtures was $280; that proofs of loss were made; that at no time prior to the filing of its answer herein did the appellant claim its non-liability by reason of Kinney's failure to pay the remainder of the premiums, and that subsequent to the fire Kinney had assigned his claim on the policy to the respondent. The trial court also made and entered the following conclusion of law:

"That the plaintiff is entitled to a judgment against the defendant for the sum of $780, less the sum of $16.75, the

balance of the premium due and unpaid at the time of the fire; together with the interest on said sum of $763.25 from the 11th day of July, 1904, until paid at the rate of six per cent per annum and its costs and disbursements in this action expended."

From a careful examination of the evidence, we conclude that each and all of the above findings should be sustained. Appellant requested the following findings of fact, which were refused:

"That the policy sued upon provided, among other things, that the association should not be liable for any loss or damage that might occur to the property insured, while the premium, or any portion thereof, remained past due and unpaid. . . . That at the time of the fire and loss referred to in the plaintiff's complaint, a portion of the premium on the policy sued upon was past due and unpaid."

Appellant now contends that the trial court erred in refusing such requested findings, and also erred in finding that appellant had waived the provision of its policy as to any premium remaining past due and unpaid. It insists that the finding so made was without the issues, and vigorously contends that appellant in its answer alleged the premium was due when the policy issued, but that a portion thereof was past due and unpaid at the time of the fire; that respondent by its reply denied this allegation, and affirmatively alleged that, when the policy was issued, the agreement was for payment of the premium in monthly installments of $10 each; and further alleged that the two installments maturing prior to the fire had been paid; that it failed to sustain such alleged agreement on the trial because Kinney testified to an agreement whereby it was stipulated that he should have sixty days within which to pay the premium, and appellant directs our attention to the fact that the trial judge in announcing his oral decision, in part, said:

"I don't think the evidence establishes the contention of the plaintiff that there was sixty days' time in which to make this

payment.   Outside of the testimony in this case it seems that the circumstances show such not to have been the case."

The substance of appellant's contention is, that the trial judge held it to have been estopped from pleading its non-liability, and that such holding was erroneous, for the reason that it was not authorized under the issues of the case, the respondent having failed to plead any facts upon which it relied to show estoppel.   In this connection appellant cites numerous authorities to sustain the well-established rule that an estoppel to be available as a defense should be pleaded. Manifestly the appellant misconstrues the pleadings and issues.   It relies upon its affirmative defense, in which it alleges (1) that under the express terms of the policy it should not be liable for loss occurring while any part of the premium remained past due and unpaid, and (2) that a portion of the premium was past due and unpaid at the date of the fire. The respondent denied that any portion of the premium was past due at the date of the fire, thereby tendering an issue under which it could introduce any affirmative evidence tending to negative the allegation of the answer.   Its further plea of affirmative facts in the reply tending to show the premium could not have been past due because it was to be paid in monthly installments, was unnecessary.   The making of such an affirmative plea did not have the effect of compelling respondent to rely upon it alone, nor was it a waiver of respondent's right to introduce competent evidence under the general issue, to negative the allegations of the answer.   *Armstrong v. Musser Lumber etc. Co.*, 43 Wash. 584, 86 Pac. 944; *Ryan v. Lambert*, 49 Wash. 649, 96 Pac. 232; *Brown v. Wisner*, 51 Wash. 509, 99 Pac. 581.

To sustain appellant's affirmative defense, it was necessary to show, not only that part of the premium was unpaid, but also that it was past due.   This it failed to do.   Competent evidence was admitted, under respondent's denial, sufficient to sustain the finding of the trial court to the effect that, on June 10, 1904, when Kinney made the second partial pay-

ment, the appellant waived the provision of its policy as to time of further payment, and extended a credit to him. Such finding was unquestionably within the issue raised by the denial of the reply, as it negatives appellant's allegation that at the date of the fire a portion of the premium was past due. The conclusion of law therefore follows that the policy was in force at the date of the fire, and that the respondent is entitled to recover.

The appellant further contends that the amount of recovery was excessive; that the policy made a separate provision for $500 insurance on the bar fixtures, the value of which was found to be $280; that under the terms of the policy, and the provisions of § 4, chap. 97, Laws 1903, p. 147, it was not liable for more than three-fourths of the actual value of the property insured, which would be only $210 on the bar fixtures, but that the trial court erroneously allowed $280. This was called to the attention of the trial judge when he delivered his oral decision in respondent's favor, at the close of the evidence. He did not then finally fix the sum to be allowed on the bar fixtures, being in doubt as to what the evidence had shown, but requested the appellant to furnish, within the next day or two, a transcript of the evidence on that point. It does not appear that this was done, or that the court's attention was again called to the subject. The evidence actually sustains appellant's contention, and the recovery on bar fixtures should not exceed $210. The entire record satisfies us that only the correct amount of loss would have been allowed had the evidence been furnished to the trial judge as requested. No further action was taken for the period of almost ten months, when the findings were presented. At that time appellant should have called attention to this mistake in the amount of recovery, and should have requested its correction. The record fails to show that it did so. This being true, we do not think the appellant should recover costs on this appeal.

The judgment will be modified by deducting the sum of

$70, so that respondent will recover $693.25, with interest from July 11, 1904, and costs in the superior court. Neither party will recover costs on this appeal.

RUDKIN, C. J., MOUNT, GOSE, CHADWICK, and PARKER, JJ., concur.