## ELIZA IBS v. HARTFORD LIFE INSURANCE COMPANY.[1]

July 26, 1912.

Nos. 17,672—(200).

**Default in payment of premium — excuse.**

In an action upon an insurance policy, it is *held* that a prima facie valid excuse for an apparent default in the payment of certain dues and assessments was shown by the evidence, and that the court erred in dismissing the action at the close of plaintiff's case.

**Forfeiture of policy — burden of proof.**

The law will indulge in no presumptions favorable to a forfeiture, and the burden to establish one is upon the party invoking it.

**Same — accounting by insurer.**

Where a life insurance company has in its possession or under its control money belonging to the insured, which the policy provides shall be applied in reduction of dues and assessments, before the company can be heard to declare a forfeiture for the nonpayment of dues, it must account for and so apply such money.

[1] Reported in 137 N. W. 289.
119 M.—8.

Action in the district court for Ramsey county to recover $2,000 upon a certificate of life insurance. The substance of the pleadings will be found in the second paragraph of the opinion. The case was tried before Brill, J., who, when plaintiff rested, dismissed the case. From an order denying plaintiff's motion for a new trial, he appealed. Reversed and new trial granted.

O. E. Holman, for appellant.

James C. Jones and Durment, Moore & Sanborn, for respondent.

BROWN, J.

Action to recover upon a certificate of insurance issued by defendant upon the life of Herman Ibs. At the close of plaintiff's case in the court below the action was dismissed, and plaintiff appealed from an order denying a new trial.

Defendant, an insurance corporation of the state of Connecticut, issued to Ibs on April 4, 1885, its certain policy or certificate of insurance, whereby, in consideration of the payment of dues and assessments as therein provided, it agreed, upon his death, to pay to plaintiff, his wife, the sum of $2,000. Ibs died on June 27, 1910. Proper proofs of death were made, defendant refused payment, and plaintiff thereafter brought this action to recover upon the contract. The complaint set out the contract, alleging a compliance with all the conditions thereof by the insured, and demanded judgment for the amount due. Defendant interposed in defense the failure of the insured to pay the dues and a certain assessment which were due and payable June 20, 1910, alleging that by reason of this default the certificate of insurance became null and void. Plaintiff in reply admitted the failure of the insured to pay the dues and assessments referred to, but denied that the failure avoided the contract, and affirmatively alleged that the assessment, which amounted to $33.95, was not authorized by the contract, and was an unlawful, and not a proper, charge against the insured.

At the trial below, before the court and a jury, plaintiff offered the insurance certificate in evidence and rested her case, whereupon defendant moved to dismiss the action, on the ground that plaintiff had failed to make out a case. The court ruled that inasmuch as

the reply to defendant's answer admitted the failure to pay the dues and assessment, for which failure defendant claimed the policy was void, the burden was upon her to overcome the effect of the apparent default. The court, however, permitted plaintiff to reopen the case, and further evidence was then offered by plaintiff, covering not only the question whether strict compliance with the contract in respect to the prompt payment of dues and assessments was waived by defendant, but also evidence bearing upon other issues presented by the pleadings. Plaintiff again rested, and defendant renewed the motion to dismiss, which the court granted. The trial court held that the failure to pay the dues in June, 1910, though coupled by the company with a demand for the amount of the assessment, forfeited the policy, even though the assessment was unauthorized. In other words, since the amount of the dues was definite and certain, and the time of payment definitely fixed by the contract, the insured was bound to pay the same, notwithstanding the fact, if it were a fact, that the assessment was unlawful.

The trial court did not, however, expressly pass upon the question whether the assessment was valid, nor upon the further question presently to be mentioned, but based its order of dismissal solely upon the conclusion that a prima facie default on the part of insured appeared from the pleadings, and had not been overcome by the evidence offered by plaintiff.

It is contended by plaintiff that the court erred in dismissing the action for the following reasons: (1) That the assessment of $33.95, and made payable by the "call" of defendant on June 20, 1910, was not authorized by the contract, and that the failure of the insured to pay the same did not forfeit his policy; (2) that since the assessment was illegal the insured did not forfeit his rights by the failure to pay the dues claimed to be due in June, 1910, for the reason that the demand or "call" for the same was coupled with the demand for the illegal assessment, and notice given that unless both were paid the policy would be canceled; (3) that defendant had in its possession at the time of the alleged default certain money, derived from the accumulation of interest upon its safety fund, a fund maintained in the interests of policyholders, which the contract provided should

be distributed among the several policyholders in reduction of their dues; that the proportion of this fund due to the insured was more than sufficient to pay the dues in question; and that defendant was in duty bound so to apply it.

We deem it inadvisable to attempt finally to determine any of these questions. The dismissal of the action rendered unnecessary a full trial below, and in just what light the questions will appear after all the evidence is presented can only be a matter of speculation. We might hypothetically determine the questions on the theory that plaintiff's contentions will or may be fully substantiated or overcome by the evidence defendant may offer; but the result would necessarily be unsatisfactory, and the proper course to pursue is to defer a final decision until the facts come in.

The validity of the notice calling for the payment of the assessment and dues, and whether the insured was justified in failing or refusing to pay the dues because the notice was coupled with an illegal demand for the assessment, presents an important question in the case. Its solution might to some extent depend upon the question whether defendant was under obligation to give the notice, and whether the insured would have been justified in failing to pay until he received the same. The contract does not expressly require such notice, and whether, by a general and uniform custom in giving it, defendant assumed the obligation, is not made clear by the evidence. The record discloses that notices of special assessments were uniformly given each policyholder, but whether that notice included a demand for the payment of the dues does not appear. Plaintiff's contention that the notice here given, demanding the payment of the assessment and the dues, and in default thereof a cancelation of the insurance contract, was, if the assessment were illegal, insufficient as a basis for the cancelation of the contract, would seem to be sustained by King v. Hartford, 133 Mo. App. 612, 114 S. W. 63. But we do not decide whether the assessment was authorized, or the sufficiency of the notice.

We do, however, hold that the evidence appearing in the record is sufficient, prima facie, to sustain plaintiff's third contention, namely, that at the time of the alleged default defendant had in its possession

funds which the insured had the right to have applied in reduction of his dues and assessments, and that it was defendant's duty so to apply it to prevent a forfeiture of the contract. If the proportion of this fund applicable to this policy exceeded the dues in question, and if it shall appear when the cause is again tried that the assessment was unauthorized and illegal, it would necessarily follow that the policy was wrongfully canceled and plaintiff may recover. The facts in reference to this branch of the case are as follows:

The contract of insurance required of every policyholder the payment to the company of the sum of $10 for each $1,000 of insurance for the purpose of creating a "safety fund," for the benefit of the insured members. The contract provided for the transfer of this fund to a trustee to be administered in the interests of the policyholders. The contract further provided that the accumulated interest from the fund after it had reached the sum of $300,000 should semiannually be divided pro rata in reduction of the dues and assessments of the policyholders. The fund amounted to $300,000 in 1897, and was subsequently increased to one million dollars. It was invested in interest-bearing securities, and necessarily accumulated a considerable sum each year for distribution.

While the amount on hand at the time of the default here relied upon as a forfeiture does not appear from the record, we are clear that defendant, having possession or control of it, to a part of which the insured was entitled in reduction of his dues and assessments, should, before being permitted to invoke a forfeiture for nonpayment, affirmatively show a proper application of the money; in other words, that the burden was upon defendant affirmatively to establish a forfeiture of the policy by nonpayment of dues and assessments, essential to which would be an accounting for and an application of money presumptively in its possession or under its control applicable to the payment of such dues. The law will indulge in no presumptions favorable to a forfeiture. 29 Cyc. 232; Haas v. Mutual, 84 Neb. 682, 121 N. W. 996, 26 L.R.A.(N.S.) 747, 19 An. Cas. 58.

It seems clear that, if defendant had on hand a sufficient amount of this fund at the time of the alleged default to extinguish the payment demanded, equity and good conscience would require its appli-

cation thereon and save a forfeiture. The law will so apply it. Price v. Brotherhood of Railroad Trainmen, 116 Minn. 275, 133 N. W. 793.

The contention of defendant that this question was not an issue under the pleadings, and therefore not properly before the court below, is not sustained. The sole issue in the case was the alleged default of the insured, and because thereof the right of defendant to cancel and annul the policy. Properly construed, the pleadings presented the question referred to, and it should have been heard and disposed of. No doubt a full trial of the action will present all the matters referred to clearly, and enable the court to pass upon the merits of all the contentions of plaintiff. The insured had remained a holder of his policy for a period of twenty-five years, and uniformly and punctually paid all assessments and dues levied against him, with the exception of the one now in dispute, levied a short time prior to his death. If facts exist which render a forfeiture of his policy inequitable, unjust, and therefore unlawful, plaintiff should have every opportunity to claim the benefit thereof, and defendant required to show its right to insist upon a forfeiture by clear proof.

The importance of some of the questions now urged by plaintiff seem not to have been sufficiently impressed upon the mind of the learned court below, and this accounts for the dismissal of the action. A full trial will clarify the claims of the respective parties, and enable the court to determine the case upon the merits as then presented.

Order reversed, and new trial granted.