# KASPER STRAND v. LOYAL AMERICANS OF THE REPUBLIC.[1]

June 13, 1913.

Nos. 18,059—(119).

**Mutual benefit certificate — pleading — payment of assessments.**

 The plaintiff's reply, in an action upon a death benefit certificate issued by the defendant, a fraternal aid association, considered, and *held*, when construed liberally as required by R. L. 1905, § 4143, and in connection with the complaint, not to admit the allegations of the answer as to the nonpayment of assessments.

**New trial.**

 Trial court's action in setting aside a verdict for the defendant and granting a new trial, sustained.

Action in the district court for Ramsey county to recover $1,000 upon a benefit certificate of defendant. The facts are stated in the opinion. The case was tried before Kelly, J., and a jury which returned a verdict in favor of defendant. From an order granting plaintiff's motion for a new trial, defendant appealed. Affirmed.

*Durment, Moore & Sanborn* and *S. W. Dixon,* for appellant.

*Ambrose Tighe,* for respondent.

PHILIP E. BROWN, J.

The defendant, a fraternal association paying death benefits to its members, issued, in December, 1909, to Conrad Strand a benefit

[1] Reported in 142 N. W. 10.

certificate undertaking to permit the plaintiff to participate in the mortuary fund of the order in the sum of $1,000, in the event that Conrad, while in good standing, should die from various designated causes. In order to become a member of the order a registration fee of one dollar was required, which was duly paid; and so to remain necessitated the payment of monthly assessments of 65 cents and fifty cents for lodge dues during each quarter of a year, but at what time during the quarter the dues were payable was not prescribed. Certain assessments and dues were paid, but in the latter part of February, 1911, the defendant suspended Strand from membership in the society for alleged failure to pay the requisite assessments. Thereafter no further payments were made and he was never reinstated. He died March 30, 1911. The defendant refused to pay under the certificate, as the plaintiff claims, without legal right, and this action to recover the amount stated followed. The cause was tried to a jury, who returned a verdict for the defendant. The court granted the plaintiff a new trial on the ground that the verdict was not sustained by the evidence and was contrary to law. The defendant appealed.

1. The issues made by the pleadings have been contracted by admissions of counsel, leaving the questions involved within narrow limits. It is conceded by defendant that, if Strand was not in default in the payment of his assessments and dues at the time of his suspension, the verdict was wrong, and also that the alleged default consisted only in the failure to pay one assessment of 65 cents, prior to February 1, 1911, or, to state the proposition otherwise, that the aggregate of the assessments theretofore paid showed a shortage on the date stated in the amount stated. On plaintiff's part it is conceded that, if the fact be established as claimed in defendant's second concession, then his case is at an end. Obviously, then, if the dues for January, 1911, remained unpaid, the forfeiture was established; and defendant's first contention is that the reply admits their nonpayment.

The complaint alleged that "at the time of his death Conrad Strand was not in default as to any of the requirements of said contract (the certificate) or of the rules and laws of the order, from

time to time in force, and was in absolute good standing in the order." In response thereto the defendant set up in its answer the following:

"The said Conrad Strand failed and neglected to pay his dues and assessments for the month of January, 1911, and thereupon and on February 1, 1911, he became and was suspended; and at no time prior to the death of said Conrad Strand on March 30, 1911, were his dues and assessments for the month of January, 1911 * * * paid or tendered."

The plaintiff, in his reply, after setting out matters in avoidance of the forfeiture thus alleged to have resulted from the nonpayment of the dues for January, 1911, reiterated the substance of the complaint quoted, stating that "said Conrad Strand was not in default in the payment of any assessments at the date of said notification," thereby referring to the suspension occurring in February, 1911. The trial court was manifestly right in ruling that the defendant's contention was without merit. R. L. 1905, § 4143.

2. The defendant claims the evidence established that the January, 1911, assessment was not paid, and hence not only justified but required the verdict rendered. Plaintiff insists that the aggregate of the payments paid on behalf of deceased to defendant exceeded the amount of all dues and assessments required to keep him in good standing, under the conditions of his certificate, up to March 1, 1911. Let us, then, look into the evidence for the purpose of ascertaining which of these contentions is correct, remembering that the law will indulge no presumptions favorable to a forfeiture, and that the burden rested upon defendant to establish the invalidity of the certificate. Ibs v. Hartford Life Ins. Co. 119 Minn. 113, 137 N. W. 289; Ball v. Northwestern Mut. Acc. Assn. 56 Minn. 414, 57 N. W. 1063. And also pertinent in this connection is the further rule that, for the reasons stated in Hicks v. Stone, 13 Minn. 398 (434), and Melvin v. Stuart, infra, page 523, 141 N. W. 812, this court will rarely reverse an order of the trial court granting a new trial because of the insufficiency of the evidence to sustain the verdict.

Conrad Strand joined the defendant order at Redfield, South Dakota, in the latter part of December, 1909, and became a member

of that lodge. Its meetings were infrequent. Under the rules of the defendant, he was not required to pay assessments or dues for that month. He paid the assessments for January and February, 1910, in all $1.30. One Dow was the secretary of the local lodge during the year 1910. He had no office, but resided in Redfield. During the summer of that year he was, to a considerable extent, engaged in looking after his farm, nine miles distant, and, when absent from his residence, members who desired to pay assessments called there and his wife, who did not testify on the trial, accepted payment for him. It nowhere appeared that Strand's March assessment was not paid to her. His custom was to leave with her receipts, filled out for delivery to those making payment, and if members failed to pay he went around and made collections monthly, frequently but not always dating his receipts (for assessments and dues for delivery to members) before he went around. The receipts so given, his records, and reports to the defendant of moneys sent and of the status of members of the lodge, were quite informal.

His receipt, as secretary, to Strand for the assessment for March, 1910, for sixty-five cents, dated March 28, of that year, was received in evidence on the trial. The stub in his receipt book showed the same entry, and his record and report to defendant, for March, of the monetary, etc., transactions with the local members, including a remittance for the business of that month, and which was received by defendant on April 15, 1910, all of which were also introduced in evidence, all signified the same thing, but none indicated who actually paid the money. He testified that if he remitted for Strand he must have either collected the money or advanced it for him; that sometimes he advanced money for members when requested so to do, and that his arrangement with Strand was to "keep him in good standing. That is, if I didn't find Mr. Clark (who will be referred to later) why, I kept him in good standing," and that such arrangement prevailed during all the time he was secretary, which was throughout the year 1910.

The deceased was a laboring man, employed by the Norbeck Nicholson Company, of Redfield, but in the course of his employment was absent from the city considerably, as were also a number of

their employees who were likewise members of the defendant order. When Conrad's employment began does not appear. The Mr. Clark referred to was the bookkeeper of the Norbeck Company. At some time during 1910, Dow arranged with this company for it to pay to him, through its bookkeeper, the assessments and dues of such employees, though the time when this was done does not appear. Clark, an intelligent and apparently disinterested witness, testified that the first payment he made to Dow pursuant to this arrangement, on Conrad's behalf, occurred on April 29, 1910, and amounted to $2.30. He further testified that thereafter, and on the following dates, he paid to Dow for Conrad, under the same understanding, these amounts, which, with the one for $2.30 already mentioned, were all of the payments made by him to Dow on Conrad's behalf: June 6, $1.30; September 7, $1.80; October 7, 65 cents; October 26, $1.15; November 29, 65 cents; December 28, 65 cents. These payments including the one of April 29, 1910, total $8.50, and Dow does not deny that he received them. Then when interrogated on cross-examination he testified that he could not say that he received any money of Clark prior to April 29, 1910.

As a mere matter of calculation, the result of the foregoing is that if the March payment was in fact paid by the deceased, or if Dow advanced the amount thereof personally for him, a sufficient sum was actually paid to maintain his good standing, in accordance with the conditions of the certificate, until February 1, 1911, and his suspension was unlawful, from which it would follow that the court was right in granting a new trial. Defendant, however, insists that certain receipts for payments made in Strand's behalf, particularly one of date March 28, 1910, for 65 cents, purporting to be for the March assessment, and signed by Dow, and one of the same kind of date April 29, 1910, for $1.65, purporting to be for the April assessment and for dues for the first six months of 1910, considered in connection with the whole of the evidence received at the trial, inevitably force the conclusion that the first payment made by Clark was for the purpose of paying the March and April assessments. The only basis for this claim rests upon the documentary evidence received, Dow's statements to the effect that he received the March

assessment from Clark, and inferences drawn from the evidence,—Dow's testimony in this connection, however, being flatly contradicted by Clark. How Dow could remit to the defendant the March assessment of the deceased prior to April 15, from money collected from Clark, which, if the latter's testimony be true, was not paid by him to Dow until April 29, is not explained by any testimony we have been able to find in the record.

No attempt has been made to summarize all of the testimony or to state the evidence in full. Dow and Clark, however, were the most important witnesses, and we think that enough has been stated to indicate that the order appealed from cannot be disturbed.

We have been greatly aided in the examination of this case by the able, painstaking, and exhaustive memorandum of the trial court.

Order affirmed.