[Civil No. 3191.  Filed June 27, 1932.]

[12 Pac. (2d) 615.]

THE SOVEREIGN CAMP OF THE WOODMEN
OF THE WORLD, a Corporation, Appellant, v.
REFUGINA M. MADRIGAL and JOSEFINA
MORANO, by J. NEY MILES, Guardian *Ad
Litem,* Appellees.

Mr. Graham Foster, for Appellant.

Mr. John P. Dougherty, for Appellees.

LOCKWOOD, J.—Refugina M. Madrigal and Jose-
fina Morano, hereinafter called plaintiffs, brought
suit against the Sovereign Camp of the Woodmen of
the World, a corporation, herein called defendant, to
recover on an insurance certificate issued by defend-
ant on the life of Angel Madrigal, the husband and
father of the plaintiffs, respectively.  Defendant ad-
mitted the issuance of the certificate, but alleged that
it had become automatically forfeited for the nonpay-
ment of the premium for the month of May, 1930,

and it was upon this issue the case was submitted to the jury. A verdict was returned in favor of plaintiffs, and defendant has brought the case before us for review.

There are three assignments of error, but the sole question raised thereby is whether or not the evidence will sustain a finding on the part of the jury that the premium for the month of May, 1930, was paid during that month. Plaintiffs admit that, if such payment was not made, they cannot recover, and it is not disputed by defendant, at least so far as the issues presented by the pleadings and evidence are concerned, that, if such payment was made, the judgment must be sustained.

It is the general rule of law that, where an insurer pleads and relies upon the nonpayment of a premium or assessment as a ground for forfeiting the policy after it has once been placed in force, the burden of proving such nonpayment is upon it. *Sovereign Camp, W. O. W.,* v. *Cox,* (Ind. App.) 76 N. E. 888; *Kidder* v. *Supreme Commandery U. O. G. C.,* 192 Mass. 326, 78 N. E. 469; *Supreme Council C. K. & L. A.* v. *O'Neill,* 108 Ill. App. 47; *Thomas* v. *Northwestern Mutual Life Ins. Co.,* 142 Cal. 79, 75 Pac. 665; *Olympia Brewing Co.* v. *Pioneer Mut. Ins. Assn.,* 53 Wash. 16, 101 Pac. 371; *Van Etten* v. *Grand Lodge, A. O. U. W.,* 72 N. J. L. 61, 60 Atl. 210; *Gruwell* v. *National Council K. L. S.,* 126 Mo. App. 496, 104 S. W. 884; *Ball* v. *Northwestern Mutual Acc. Assn.,* 56 Minn. 414, 57 N. W. 1063; *Petherick* v. *General Assembly,* 114 Mich. 420, 72 N. W. 262.

Plaintiff Refugina Madrigal testified that on May 22d she personally paid the insurance premium for the month of May, 1930, that month being the one on which defendant relies for nonpayment of premium. She offered a written receipt in support of her testimony, signed by H. P. Garza, at the time financial secretary of the local camp. This receipt has evi-

dently been altered, both as to its date and as to the monthly installment it represents. If the payment was made by May 22d and was for the fifth monthly installment of the year, under the pleadings there could have been no forfeiture of the policy. If, on the other hand, it was made April 22d and was for the fourth monthly installment of that year, the policy was delinquent, for the only evidence as to subsequent payments is that they were made upon the ninth day of June, which would be insufficient under the by-laws of defendant to keep the policy in force for the month of May. We have examined the original receipt carefully, and are of the opinion a jury might well have found from it, even without the testimony of Refugina Madrigal, that the payment was made during the month of May and for the May installment, although there is other evidence in the record from which they might have concluded the payment was made in April for the April installment.

It is our invariable rule that, when there is evidence in the record of such a nature that it would support a verdict in favor of either plaintiff or defendant, we will not disturb the verdict returned by the jury on the ground of insufficient evidence or of a conflict therein. *Brutinel* v. *Nygren,* 17 Ariz. 491, L. R. A. 1918F 713, 154 Pac. 1042; *Durazo* v. *Ayers,* 21 Ariz. 373, 188 Pac. 868. This case presents a situation where the rule just stated is applicable, and the judgment of the superior court of Gila county is therefore affirmed.

McALISTER, C. J., and ROSS, J., concur.