# In re Washington Mall Tax Assessment Appeal (No. 2)

*Stephen I. Richman,* of *Greenlee, Richman, Derrico & Posa,* for appellant.

*Oliver N. Hormell, Herman J. Bigi* and *David L. Gilmore,* for County of Washington.

DISALLE, J., March 25, 1974.—This matter is before the court on appeal from an increase in the assessment of property in South Strabane Township for the tax year 1972.

The taxpayers' property, sometimes known as Washington Mall Shopping Center was constructed in 1968 and assessed as improved property in 1969. The assessment for the year 1969 was as follows:

| | |
|---|---|
| Shopping Center Bldg. A. | $ 1,014,495 |
| T. B. A. Bldg. | 22,950 |
| 38.6520 Acres Surf | 192,555 |
| TOTAL: | $ 1,230,000 |

The taxpayers appealed this assessment, and in proceedings captioned "In Re: Washington Mall Tax Assessment Appeal" filed at November term, 1969, no. 92, A. D., President Judge Sweet issued an adjudication, under date of August 19, 1970, which ordered the assessment of the Washington Mall reduced from $1,230,000 to $984,000. Both the taxpayers and the Board of Assessment Appeals filed exceptions, and by opinion and order of this court dated March 22, 1971, the assessment was further reduced to $960,000. The taxpayers appealed the court's decision to the Commonwealth Court, but the county did not appeal. This appeal was subsequently quashed by the Commonwealth Court, and was not heard on the merits. As a result of the final order contained in the opinion of March 22, 1971, the assessment records were changed for the year 1971 as follows:

| | | |
|---|---|---:|
| Shopping Center Bldg. | $ | 750,725 |
| T. B. A. Bldg. | | 16,720 |
| 38.6520 Acres Surf | | 192,555 |
| TOTAL: | $ | 960,000 |

On April 5, 1972, approximately one year after the final order of this court, the taxpayers were notified that, effective for the tax year 1972, the assessment for the property would be increased as follows:

| | |
|---|---:|
| Shopping Center Bldg. | $ 1,014,495 |
| T. B. A. Bldg. | 22,950 |
| 38.6520 Acres Surf· | 192,555 |
| TOTAL: | $ 1,230,000 |

It will be noted that this returned the property to the identical assessment placed upon it for the year 1969. It is agreed that during the period between the time when the Mall was first assessed (in 1969) and

when the assessment change here appealed from was made (1972), no repairs or improvements had been made to the mall property. Also, that during said period, the mall property had not been subdivided, nor had any part of it been conveyed; the acreage remaining at 38.6 acres.

According to the county, the only reason for increasing the Washington Mall assessment was the change in economic conditions in the area of its location in South Strabane Township. However, no change was made in the assessment of the adjoining "K-Mart Shopping Center." In 1972, the chief assessor, Mr. Herschel Fetherlin, apparently without the knowledge or participation of the Board of Assessment Appeals, caused the Washington Mall assessment to be changed as indicated. The first knowledge that the board had of the assessment change was after the taxpayers had filed their appeal from the changed assessment.

Since 1961, the county has purported to use a ratio of assessed value to market value in the amount of 30 percent. This 30 percent ratio was used by the county in 1972 when it ascribed to Washington Mall an assessment valuation of $1,230,000 based upon its appraisal of $4,100,000 as the fair market value of the property.

The taxpayers have raised serious questions regarding the propriety of the assessment, the manner in which it was made and the ratio used by the county in arriving at the final assessment figure.

First, they claim that the 1972 change in the assessment was made in violation of section 2 of the Act of May 21, 1943, P. L. 571, art. VI, sec. 602.1, added January 18, 1952, P. L. (1951) 2138, as amended, 72 PS §5453.602a, wherein it is provided that an assessment may be changed only "when (i) a parcel of land is divided and conveyed away in smaller parcels, or (ii) when the economy of the county or any portion thereof

has depreciated or appreciated to such extent that real estate values generally in that area are affected, and (iii) when improvements are made to real property." They argue that excepting for nationwide inflation, the economy of Washington County and South Strabane Township has not appreciated to such an extent as to justify the singling out of Washington Mall, and a few other properties along Route 19 for assessment increase. Therefore, they claim that the 1972 change of assessment is invalid and a nullity.

Secondly, they contend that the statutory procedures prescribed for assessment changes by the Fourth to Eighth Class County Assessment Law have not been followed in that section 601 of the Act of May 21, 1943, P. L. 571, as amended, 72 PS §5453.601, requires the chief assessor to complete, prepare and submit the assessment roll to the Board of Assessment Appeals by August 1st of each year. The chief assessor did not do this. In fact, they claim that the chief assessor never did submit the full 1971 assessment roll to the board; and had not completed the roll by August 15, 1971, but obviously was still changing it as late as April of 1972. Subparagraph (a) of section 701 of the Act, 72 PS §5453.701(a), requires the Board of Assessment Appeals to examine the assessment roll by August 15th, for the purpose of inquiring whether the assessments and valuations contained in it were made in conformity with statutory requirements.

Within five days after completing the requisite examination, that is, by August 21, 1971, in his case, the board is further required by section 701(a) of the act to deliver to each owner of property, the value of whose property has been changed from that fixed in the preceding assessment roll, a notice of such change and the amount of such new assessment. The taxpayers argue that the increase made in the Washington

Mall assessment was not made by August 15, 1971; and, in fact, was not made until April 1972. Therefore, they say that no notice of increase was sent by August 21, 1971; that, in fact, it was not sent until April 5, 1972; and that the notice of change was not sent by the board "after completing said examination and revision," but was sent by the assessment office without affording to the board an opportunity to examine or revise the Washington Mall's assessment.

Thirdly, the taxpayers contend that the county has applied to comparable properties a ratio much lower than the 30 percent it has applied here. For example, the Franklin Mall Shopping Center, which the taxpayers claim the county has valued at $6,500,000 is assessed at $1,350,000, a ratio of 20.77 percent. The GeeBee Shopping Center, which the taxpayers claim the county has appraised at $1,500,000, is assessed at $360,000, a ratio of 24 percent; and the Beatty Realty Company, valued by the county at $470,000, is assessed at $102,000, a ratio of 21.70 percent.

Lastly, and perhaps most importantly, the taxpayers claim that the county has not applied a fixed ratio of assessed value to market value throughout the county; that the purported uniform 30 percent ratio is not the common level; and that since no fixed ratio has been applied, and that ratios vary widely across the county, the common level may be determined only by finding the average of the ratios of assessed value to market value.

They urge that the studies made and conclusions drawn by their experts, Professors Perry, Van Ness and Saalbach were neither contradicted nor rebutted by the county, and that being based upon credible testimony, they must be accepted by the court. According to these experts, for the years hereinafter set

forth, the average ratio of assessed value to market value across Washington County was as follows:

| YEAR OF SALE | YEAR OF ASSESS. | AVERAGE RATIO |
|---|---|---|
| 1968 | 1969 | 19.9% |
| 1969 | 1970 | 19.2% |
| 1970 | 1971 | 17.1% |
| 1971 | 1972 | 18.1% |

Thus, while the county claims that the assessed value of the property is $1,230,000, the taxpayers argue that it should be set at $742,100.

The taxpayers also contend that the county has not complied with the directive contained in Judge Sweet's order of August 19, 1970, which ordered that the county immediately proceed to ascertain and effectuate an effective ratio of assessment and to eliminate inequalities in the program. They claim that the inefficiencies and inequalities which have existed in the county's tax assessment system continue to characterize that system.

The hearings held in this assessment appeal have been long and protracted, and have involved 1,439 pages of testimony and 55 exhibits. The issues raised by the taxpayers, if decided adversely to the county, could have a serious effect on county government and its administration. However, the court has concluded that these issues may well be, from a practical point of view, moot at the present time. Shortly after these hearings were completed, the following matters were brought to the court's attention: (a) at its formal meeting held November 29, 1973, the Board of County Commissioners of Washington County duly resolved and thereupon publicly announced its intentions and

plans for a complete county-wide reassessment of all county properties (a bond issue, part of the proceeds of which will be used for the reassessment program, has already been formally authorized); and (b) there is presently pending before the Legislature a bill (sometimes known as the "O'Pake Bill"), which, upon adoption, will completely transform and revise current county assessment practices and procedures. As a consequence thereof, even though we have considered and given attention to all of the issues raised in this case, the court feels it is unnecessary to decide them.

## ORDER

Now, therefore, this March 25, 1974, it is hereby ordered and decreed, that the Washington County assessment of the property of taxpayers, which is described on the assessment rolls of Washington County for the year 1972 as follows:

| Noll, Frank K. et al. | Shopping Center Bldg. |
| c/o Norman Bedillion | T.B.A. Bldg. |
| 301 Oak Spring Road | 38.6520 Acres Surf |
| Washington, Pa. | 63-3-8-1 |

shall, for the years 1972, 1973 and 1974, be reduced to and be in the total amount of $1,060,000.* (This will result in a $100,000 increase over the assessment fixed for the year 1971.) Said total assessed valuation, to wit, $1,060,000, may, for administrative purposes,

---

* For the year 1973, the following addition was made to the taxpayers' assessment: "2 R.R. Caboose and Photo Shop—$2850." For the year 1974, another addition occurred—"1 Sty. Fr. Bldg.—$11,145." These assessments are not involved in this proceeding and, therefore, the assessed valuations of $2,850 and $11,145. respectively, applicable to these additions shall remain in effect and shall be in addition to the $1,060,000, total assessed valuation established by this order.

be allocated, by a fair and reasonable method of allocation, among the several component assessed items, namely, the shopping center building, the T.B.A. building and the 38.6520 acres of surface; provided, however, that the total assessed valuation of these three items for the recited years shall not exceed $1,060,000.

Pending completion, implementation and adoption of the aforementioned county-wide reassessment heretofore announced by the Board of County Commissioners, the assessment herein fixed, in the total amount of $1,060,000, shall, unless changed as a result of and pursuant to said reassessment program, remain the assessed valuation for the property of the taxpayers involved in this appeal proceeding, unless any of the events specifically provided for by the Act of May 21, 1943, P. L. 571, art. VI, sec. 602.1, added January 18, 1952, P. L. (1951) 2138, sec. 2, as amended, 72 PS §5453.602(a), shall occur. In the event that improvements are made to taxpayers' property, including any additions which may be constructed and added to existing buildings, as referred to in subclause (iii) of the aforesaid section of the act, such improvements shall be individually assessed as separate and distinct components and added to the present assessment, so that the assessed valuations ordered hereby with respect to the now-existing component items of assessed valuation shall remain unaltered, and shall remain the same until the completion of the said county-wide reassessment program.

It is further ordered that to the extent that any refunds of taxes and interest may be legally due the taxpayers, the same shall be treated consistent with the opinion of this court in the case of Frank K. Noll et al. v. County of Washington et al., 53 Wash. 20 (1972).